MAY *v.* STATE.

(In Banc. March 8, 1948.)

[34 So. (2d) 194. No. 36707.]

Jackson, Young, Daniel & Mitchell, of Jackson, and Hillman & Prisock, of Philadelphia, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Milton Mitchell**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Roberds, J.,** delivered the opinion of the court.

May was indicted for the murder of Herbert Holifield; was convicted of manslaughter and sentenced to the state penitentiary for seven and one half years.

He urges on this appeal that the testimony does not justify the conviction of any crime, and that, therefore, he should be discharged, but, if mistaken in that, the verdict of manslaughter is against the great weight of the evidence, and the case should be remanded for a new trial before another jury. We have carefully considered and weighed all of the evidence disclosed by the record. We deem it unnecessary to detail the testimony. It abundantly supports the verdict, in our opinion, especially when due weight is given the undisputed physical facts.

The court granted the State the following instruction:

"The Court instructs the jury for the State that the law tolerates no excuse and accepts no justification for the

taking of human life upon the plea of self defense, unless it be reasonably necessary to save the slayer's life, or to save him from some great bodily harm, at the time of the fatal shot. And in this case if you believe from the evidence beyond a reasonable doubt, that the defendant, Clyde May, shot and killed Herbert Holifield at a time when he was in no immediate danger, real or apparent, of losing his life or suffering some great bodily harm at the hands of Herbert Holifield, then the defendant, Clyde May, is guilty of either murder or manslaughter: murder if he acted of his malice aforethought, and manslaughter if he acted without malice."

Appellant says the use of the expression "unless it be reasonably necessary to save the slayer's life" was erroneous and reversible error; that the expression eliminated from consideration by the jury the apparent danger to appellant and limited the jury to a consideration alone of the real danger which confronted him at the time he shot and killed Holifield. The instruction must be construed as an entirety—not just a part thereof. It would have been better had the quoted phrase expressly mentioned apparent and real danger, but the remainder of the instruction told the jury to consider both the real and apparent danger. The jury could not have been misled. In addition to that, appellant himself obtained and submitted to the jury sixteen instructions, covering every phase of his defense, four of which instructions told the jury the accused had the right to act upon appearances. This contention is not well taken.

Appellant contends the case should be reversed because the lower court erroneously admitted evidence of the contents of a driver's license which had been issued to Herbert Holifield. The question arises under these circumstances: Holifield struck May a hard blow in the face with his fist. The evidence is in conflict as to the extent of the injury and as to whether May was knocked to the ground by this blow. In any event, May immediately shot and killed Holifield with a pistol. But May contended that

Holifield was the larger and stronger man of the two, and that this disparity in weight and strength had a bearing upon May's right to shoot and kill Holifield as the result merely of a blow by fist. One witness testified she estimated Holifield's height to be about six feet and his weight to be about one hundred and seventy pounds. On cross-examination she was presented the driver's license of Holifield, supposedly signed by him. She was asked if the license did not recite that Holifield weighed one hundred and forty-five pounds and his height to be five feet ten inches. She admitted the license did so recite. This, of course, contradicted her estimate of the height and weight of Holifield. No objection was made to this method of examination until the State had finished cross-examining this witness, when the State offered to introduce the license in evidence, whereupon counsel for defendant said: "That is just a statement which he made to the sheriff when he got his driver's license. The sheriff don't measure them or weigh them. It is immaterial and we object to the introduction." Thereupon the Court sustained the objection to the introduction of the license. Appellant's counsel then said: "I ask the court to exclude what she read." The Court replied: "Well she is on cross-examination. The motion to exclude will be overruled." Thus it is seen the contents of the license simply constituted the basis for cross-examination. The license itself was not admitted to establish any fact recited therein. The statements of the witness as to such recitals were already before the jury without objection. As a practical matter, the effect, whatever it was, on the jury would have been the same had the court sustained the motion to exclude. The witness stuck to her estimates. Other witnesses also gave their estimates of the respective sizes of the parties. If this be a spy-glass error, it certainly was not such harmful error as should work a remand and re-trial of this case.

Affirmed.