POOLE *v.* STATE

No. 42993 December 14, 1964 169 So. 2d 828

*John Keith Henry,* Union; *Laurel G. Weir,* Philadelphia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

Appellant was indicted and tried for the murder of Emmett Parker in the Circuit Court of Newton County, Mississippi. He was found guilty of manslaughter and sentenced to serve ten years in the state penitentiary.

The appellant assigns as error: (1) the verdict of the jury, judgment and sentence of the court are contrary to the overwhelming weight of the law and evidence; (2) the court erred in refusing defendant's counsel the right to see the purported statement before the trial; and (3) the court erred in granting each and every instruction granted the state as shown by the record and in refusing each and every instruction refused the defendant as shown by the record.

Poole and Parker lived in the vicinity of Lawrence, a small community in Newton County. Appellant is a truck driver, and spent most of his time on the road away from home. He is married and has four children, the oldest of whom is married and the youngest of whom was four years old at the time of this homicide. The deceased, Emmett Parker, lived alone, and was running around with appellant's wife. The circumstances are conclusive, and Poole's wife admitted on the witness stand that she had often had intercourse with Parker, spending the night with him at his house on many occasions. While he was on one of his trips appellant was apprised of what was going on, and, upon his return, confronted his wife. She left him and went to Parker's home and spent two nights there, but returned to appellant, and, upon her promise to break off with Parker, for the sake of his family, appellant agreed to take her back. However, in a short while she resumed her visits with Parker. On the night of the killing Parker and appellant's wife were sitting in Parker's car; appellant was at the front of his house and saw the dome light come on in the car down the road. Appellant got his .22 caliber automatic rifle and went after them. After a wild chase down a gravel road, Poole's wife driving Parker's car and Parker sitting beside her, the wife stopped the car; appellant pulled his vehicle around in front of the car to block the road, got out and went back to the Parker car, opened the

door on the driver's side and tried to pull his wife out. Parker was holding on to her and hiding as best he could behind her body. Appellant's wife grabbed the barrel of the rifle and a bullet was discharged into her shoulder. Then appellant backed up about four steps and fired the fatal bullet into the head of Parker. Appellant stayed at the scene until an ambulance and officers arrived.

There is a conflict of testimony in an effort to establish self-defense, and a conflict as to alleged previous threats from Parker to appellant and from appellant to Parker. There is a conflict of testimony as to what guns, if any, Parker might have had, and as to whether or not he reached under the seat as if to pull out a gun. On the day after the killing, appellant gave a full and complete signed statement as to what had happened, and appellant's wife also gave a full signed statement, both of which conflict with their testimony at the trial in substantial particulars. According to appellant's statement, just prior to the firing of the shots appellant told Parker he would kill him if he caught him messing with his wife any more, and Parker replied that appellant was a damn lie, that he wouldn't kill him. It was then the gun barrel was grabbed and the first bullet hit his wife.

According to the signed statements of appellant and his wife given to the authorities freely and voluntarily within a day or two after this killing, there was no intimation of any self-defense based upon any threat or imminent danger of death or serious bodily harm at the hands of Parker. According to appellant's statement, he deliberately backed off a few feet from the car after his wife had been shot and killed Parker by a shot in the head. Appellant and his wife changed their stories and produced witnesses, most of whom were related or otherwise interested, and attempted to convince the court and the jury that Parker was an un-

savory and dangerous character, he had made communicated threats to appellant and was generally armed, and prior to his death attempted to reach under the seat of the car and get a gun. No gun was found by any witness, including the officers who took charge at the scene. With appellant's statement the jury would have been warranted in finding him guilty of murder under the very authority cited by appellant, *Denham v. State*, 218 Miss. 423, 67 So. 2d 445 (1953). In *Denham*, where the husband only suspected his wife's infidelity, a conviction of manslaughter was supported. Here, Poole knew of his wife's relationships with Parker, and the proof was ample to show premeditation, deliberation and lying in wait, with all the elements of malice aforethought.

 █ Appellant and his wife were the only eyewitnesses, but the jury had before it not only the second version given at the trial, but the written statements given after the homicide which were in evidence. Appellant's confession and his wife's statement are direct evidence and have equal standing with their testimony at the trial. Therefore their testimony at the trial is not uncontradicted. On the basis of all the evidence before the jury, as in the Denham case, one of their own versions was sufficient to establish his guilt of at least the offense of manslaughter. *Cf.* Ross v. State, 234 Miss. 309, 106 So. 2d 56 (1958).

The appellant argues alleged error in the trial court in some instances for sustaining state objections and overruling his objections. It would appear that the court's action was proper in some of these instances because appellant was attempting to develop matters which were not surrebuttal by cross-examination of witnesses offered in rebuttal by the state. The instances complained of are not argued, no reason is pointed out as to why there was error, and there are no authorities

cited in support of appellant's brief. Dozier v. State, 247 Miss. 850, 157 So. 2d 798 (1963).

We are of the opinion the trial court did not err in refusing appellant's attorneys permission to see his purported statement. There being no argument or citation of authority under this point, it falls under the rule of Dozier v. State, *supra*.

The appellant objects to the following instruction granted the state:

> The Court instructs the jury for the State that the law tolerates no excuse and accepts no justification for the taking of human life upon the plea of self-defense, unless it be reasonably necessary to save the slayer's life, or to save him from some great bodily harm, at the time of the fatal shooting. And in this cause, if you believe from the evidence beyond a reasonable doubt, that the defendant, William Freeman Poole, shot and killed Emmett Parker, at a time when he was in no immediate danger, real or apparent, of losing his life or suffering some great bodily harm at the hands of Emmett Parker then the defendant, William Freemen Poole, is guilty of either murder or manslaughter; murder if he acted of his malice aforethought, and manslaughter if he acted without malice.

We believe there is no error in this instruction.

■■ ■ The proof shows clearly that there was premeditation, deliberation and lying in wait, with all the elements of malice aforethought, and therefore this instruction was proper. The instruction complained of was approved in May v. State, 203 Miss. 859, 34 So. 2d 194 (1948).

All the instructions granted to both the state and the appellant will show that every conceivable phase of this case was covered by proper instructions when all are read together as required by law. We find no

error in the trial of this case. The judgment is therefore affirmed.

Affirmed.

*Lee, C. J., and Ethridge, Gillespie and Brady, JJ.,* concur.