308 So.2d 225 (1975)
James RATCLIFF
v.
STATE of Mississippi.
No. 48268.
Supreme Court of Mississippi.
February 24, 1975.
*226 Andalman, Bergmark & Ratcliff, Hattiesburg, Miss., for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, INZER and BROOM, JJ.
BROOM, Justice:
Armed robbery was the crime charged against appellant, Ratcliff, by indictment of a Forrest County, Mississippi grand jury. Trial resulted in conviction and a sentence of fifty years in the state penitentiary. We reverse.
Hearsay of an incriminating nature was presented to the jury as part of the state's case, and whether this amounted to reversible error is the chief issue.
After dark, on January 15, 1974, William T. McWilliams turned off the lights of his store (Tillman's Jewelry Store) in Petal, Mississippi, and exited to the street. At gun point he was ordered back into the store where he was robbed after being bound and gagged, and forced to open the safe. At the trial McWilliams identified the appellant as one of the three who participated in the robbery.
Over appellant's objection, and in the jury's presence, the following dialogue occurred during the district attorney's questioning of a state witness, Hopstein:
"Q Now what information did you receive from this reliable and credible informant, please, Sir?
"A That there were three subjects, black subjects in Jackson, Mississippi that had robbed Tillman's Jewelers and were trying to sell the jewelry on the streets at this time, and this was on a Thursday afternoon following the robbery.
"Q And did he give you the names of the individuals?
"A He did.
"A What names did he give you?
"A James Ratcliff, Everett Johnson and B.D. Rushing."
Another state witness, FBI Agent Tichenor, was on direct examination by the district attorney when the following testimony was adduced in the jury's presence:
"A Well I was in Jackson, Mississippi where I do the majority of my investigative *227 work for the F.B.I., and I was talking on the telephone to an individual who has provided me a lot of reliable information over a period of time, and this individual advised me that an armed robbery 
BY HON. ELLIOTT AND DALMAN:
Objection, Your Honor.
"Q Let me ask you a few questions before you go into that. The individual that you were talking with, is he an informant for the F.B.I.?
Then the district attorney developed from the F.B.I. agent that the informant was reliable and had previously furnished accurate information on numerous occasions. Subsequent colloquy between Tichenor and the district attorney was:
"Q All right, Sir. Now what information did you receive from him?
"BY HON. ELLIOTT ANDALMAN:
Your Honor, we object to this as hearsay, and it's inadmissible in a Court of law.
"BY THE COURT:
Overruled. Proceed. Note his objection.
"Q What information, if any, Mr. Tichenor, did you receive?
"A The information that I was told over the telephone by this individual was that three individuals had participated in an armed robbery in Hattiesburg, Mississippi area a couple of days before my telephone conversation, and I received the three names from this individual of who participated in the armed robbery.
"Q What names did you receive, please, Sir?
"A Well, I received three names. James Ratcliff, a fellow named B.D. Rushing, and one other name, Everett Johnson."
What an informant told Officers Hopstein and Tichenor in the course of their investigation was hearsay and inadmissible to the jury. One of the well established rules of jurisprudence in this state, as well as in the other states, is that an accused person is entitled to be confronted with and have opportunity to cross-examine witnesses against him. U.S.Const. Amend. VI; Miss.Const. Art. 3, § 26 (1890). Investigators cannot be permitted to relate to a jury hearsay which is incriminating in its effect as to a defendant on trial for a crime. Agee v. State, 185 So.2d 671 (Miss. 1966); Roberson v. State, 185 So.2d 667 (Miss. 1966); Shipp v. State, 215 Miss. 541, 61 So.2d 329 (1952); Bester v. State, 212 Miss. 641, 55 So.2d 379 (1951).
In its brief the state urges that under Mississippi Supreme Court Rule 11, and McCormick v. State, 279 So.2d 596, 598 (Miss. 1973), we should hold that the admission of the hearsay testimony was harmless and not reversible error. McCormick does not say that hearsay as such is admissible to a jury as a part of the state's development of its proof on the merits in a criminal case. It does say that law officers have a privilege under some circumstances (such as where probable cause for an arrest or search is at issue) not to reveal the identity of an informant whose information has led to the obtaining of evidence against a defendant.
Applicable constitutional provisions, supra, and fundamental fairness require this Court to reject the appellee's argument that the hearsay evidence complained of is harmless error. Here, the victim of the crime testified that he had two opportunities during the robbery to see the appellant at about thirty feet away, enabling him to subsequently identify appellant. While this was sufficient evidence to take the case to the jury, it did not amount to such overwhelming proof as to justify application of Rule 11, supra, to the facts. The conviction cannot be allowed to stand without at *228 the same time rendering meaningless the constitutional safeguards, supra, which are hallmarks of the jurisprudence of this state and nation.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.