368 So.2d 842 (1979)
Bruce Alexander RAMSEUR, Sr.
v.
STATE of Mississippi.
No. 51123.
Supreme Court of Mississippi.
March 21, 1979.
*843 Louis Fondren, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Carolyn B. Mills, Special Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Bruce Alexander Ramseur, Sr. was convicted of murder in the Circuit Court of Jackson County and was sentenced to life imprisonment in the state penitentiary. He appeals and assigns eight (8) errors in the trial below.
Appellant claimed that his wife, Natalie Ramseur, was unfaithful to him. On November 5, 1977, he went to the sheriff's office in Jackson County, told Deputy Sheriff Stork that his wife was in a motel with a male companion, asked that something be done about it and stated that, if the sheriff's department couldn't help him, he would get a gun and kill her himself. On the following Monday morning, November 7, he went to the South Surplus Store at *844 approximately 8:30 a.m. and bought a box of cartridges. That evening, appellant met his wife in Gautier. He persuaded her to get in his car for the purpose of talking, and he drove to an abandoned lot and house nearby. An argument ensued between them, and appellant shot Mrs. Ramseur three (3) times in the head, killing her. He pushed her body out of the car onto the ground, went back to his home and telephoned the sheriff's office about 7:20 p.m. Deputy Sheriff Walker and two other officers drove to appellant's home and were told by him that he had just shot his wife. Thereupon, Walker advised him of his constitutional rights. Appellant then led Walker and the other officers to the scene of the homicide. He was placed under arrest and subsequently gave a written confession about the homicide.

I.

Did the trial court err in permitting Officer Stork to testify?
Appellant contends that he was not informed before trial that Officer Stork would testify in the case, that an alternate juror was acquainted with Stork, and that he was prejudiced by that situation.
The record is undisputed that the entire file of the State's investigation was made available to appellant and no list of witnesses was requested from the State. Officer Stork's report was in that file and was available to the appellant. Appellant had access to the entire State file. Even so, there is no obligation on the part of the State to furnish the appellant with a list of its witnesses. Tapp v. State, 347 So.2d 974 (Miss. 1977); Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965); McDaniel v. State, 191 Miss. 854, 4 So.2d 355 (1941).
Furthermore, the record indicates that there was no discussion between the alternate juror and the panel about the facts of the case, and there is no indication that the jury was tainted or that any prejudice resulted to the appellant because of the fact that Officer Stork and the alternate juror were acquainted. There is no merit in this assignment.

II.

Did the trial court err in admitting in evidence a waiver of rights form on which had been written "Refused to sign?"
After Officer Walker was taken to the scene of the homicide by appellant, they went to the sheriff's office where appellant was again advised of his constitutional rights and was presented a waiver of rights form to sign. Appellant advised the officer that he knew his constitutional rights but that he did not want to sign the waiver of rights form, further, that he would answer any questions the officers cared to ask him. The State argues that it offered the form in evidence for the purpose of showing the questions that were asked appellant before he made the confession. The officer testified as to what he told appellant, which was the same information that appeared in the waiver of rights form. It is difficult to see how appellant could have been prejudiced by the introduction of the written waiver of rights form with the notation thereon that he had refused to sign it, particularly in view of the fact that the information was identical to that testified to by the officer and that the officer also testified that appellant refused to sign the form.

III.  VI.
Appellant complains III, IV, V and VI that four (4) instructions, either granted upon request of the State or refused upon his request, constituted prejudicial error.
The appellant cites no authority for his position that the instructions constituted error. Where assignments of error are unsupported by argument and authority, the court does not, as a general rule, consider them. Richardson v. Stokes, 254 Miss. 71, 180 So.2d 153 (1965); Poole v. State, 251 Miss. 345, 169 So.2d 828 (1964); Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963). However, we have carefully examined the instructions and are of the opinion that the court did not commit error in granting or refusing same and that reading all instructions *845 together, the jury was properly instructed on the law of the case.

VII.

Did closing statements by the district attorney constitute reversible error?
Appellant complains of statements made by the district attorney in his closing argument to the effect that members of the jury were representatives of "the people of the State of Mississippi and this community," and that the statements interfered with the jury's duty and obligation to decide the case upon its merits. The trial judge sustained objection to the statements of the district attorney and, if they were improper, no prejudice resulted to the appellant in view of the trial court's ruling. Holifield v. State, 275 So.2d 851 (Miss. 1973); Herrin v. State, 201 Miss. 595, 29 So.2d 452 (1947); Jackson v. State, 94 Miss. 83, 47 So. 502 (1908).

VIII.

Did the trial court err in admitting appellant's confessions into evidence?
Appellant last contends that his confessions should not have been admitted in evidence since he refused to sign the waiver of rights form. As hereinbefore stated, when Deputy Sheriff Walker arrived at appellant's home, appellant told him he had shot his wife. Walker immediately advised appellant of his constitutional rights, and appellant led him to the scene of the homicide. Afterward, the officer took appellant to the sheriff's office, where he again read him the Miranda warnings. It was at that point appellant declined to sign the waiver of rights form, although he told Walker he would answer any questions. Subsequently, he signed the written confession.
There is no indication in the record that appellant did not fully understand his constitutional rights. To the contrary, appellant voluntarily said that he understood his constitutional rights, and the record is clear that he did so. The confessions were free and voluntary and there is no merit in this assignment.
The judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.