PER CURIAM.
We affirm, thereby rejecting the appellant husband’s contention that the court erred either in granting rehabilitative alimony to the wife, or in awarding her the marital home upon its finding of her entitlement to both a special equity in the home and lump sum alimony. The awards made by the trial court are within the trial judge’s discretion to provide necessary support and to properly apportion assets of the parties. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In view of the court having awarded custody and control of the minor daughter (born February 28,1964) to the husband, however, we direct it to amend the final judgment to grant the husband exclusive possession of the marital home until thirty days after the daughter reaches eighteen years of age. The trial court shall also grant the husband exclusive possession of the household items it finds necessary to use of the marital home until that date. Finally, the court shall provide that the husband is responsible for mortgage payments, taxes, insurance and upkeep of the marital home during his possession.
GRIMES, C. J., SCHEB, J., and RAW-LINS, ROBERT W., Jr., Associate Judge, concur.