441 So.2d 517 (1983)
Martha H. McILWAIN
v.
Cecil McILWAIN, Jr.
No. 54545.
Supreme Court of Mississippi.
November 23, 1983.
Thomas L. Goldman and Goldman, Dreyfus & Primeaux, Meridian, for appellant.
Charles M. Leggett, Waynesboro, for appellee.
Before BROOM, ROY NOBLE LEE and HAWKINS, JJ.
ROY NOBLE LEE, Justice, for the Court:
Cecil McIlwain, Jr. filed suit for divorce against Martha H. McIlwain, his wife, in the Chancery Court of Wayne County, Honorable M. Wyatt Collins, special chancellor, presiding, on the grounds of habitual cruel and inhuman treatment and irreconcilable differences. Mrs. McIlwain denied the averments of the bill of complaint and filed a cross-bill seeking separate maintenance, alimony, support for two teen-age children, and attorney's fees. Her cross-bill was amended to ask for divorce on the ground of habitual cruel and inhuman treatment, and, after a full hearing, the special chancellor granted Mrs. McIlwain a divorce, custody of, and support for, the children, including a housing allowance, and certain items of personal property. Mrs. McIlwain has appealed that part of the decree fixing child support and denying alimony.
The assignments of error are four in number, but they all go to the principal questions of inadequacy of support, housing and alimony.
The parties were married March 22, 1964, and two children were born: Neil Allen, age 15, and Steven Kent, age 13. The parties separated June 21, 1982, and the divorce decree was entered November 5, 1982.
The pertinent parts of the lower court decree relating to the questions presented appear as Appendix I.
This case follows the usual pattern involving support and alimony. The appellant contends that the amounts of child support awarded and the inadequacy of alimony are manifestly erroneous and that she and the children are unable to survive with those allowances. The appellee argues that, because of his financial responsibilities, he is unable to pay any larger amounts than those awarded; that he would lose the property he owns, if required to pay more; and that he could not exist in the event of an increase.
*518 The proof indicates that appellee is vice president and a member of the Board of Directors, Bank of Shubuta. He had income in the year previous to the divorce of approximately $40,000, although it is recognized that the amount fluctuates.[1]
Appellee inherited property from his parents, consisting of a home and 25 acres of land, the value of which is not disclosed by the record. However, in 1979 and 1980, he borrowed $65,000 from the Bank of Shubuta (his employer) and used same to improve and refurbish the home. Both parties' schedules of expenses are set forth in Appendix II.
Appellant is repaying the $65,000 loan to the Shubuta bank at the rate of $1,275.00 per month or $14,000 per year. The promissory note is from year-to-year and the loan would be repaid over a period of approximately five (5) years. No effort was made to obtain a long-term loan in order to finance the indebtedness. If repayments were approved or permitted in such amounts, the appellant could divest himself of practically all monthly and yearly income and forfeit his responsibilities to a dependent wife and children.
The special chancellor apparently was of the opinion that it would be inequitable to deprive appellee of his inheritance. Howsoever a husband and father acquires a home and property is of no consequence in a proceeding such as this. The paramount question is the children's best interest. Appellee was temporarily living in a furnished mobile home at a rental cost of $225 per month. Appellant testified that a home suitable for her and the two children in Waynesboro would rent for $300 to $350 per month.
We are of the opinion that the special chancellor should have ordered that appellant and the children have the use of the home, certainly until the children attained their majority or until the appellant may marry again, whichever occurs first. The special chancellor abused his discretion in not doing so. Clark v. Clark, 293 So.2d 447 (Miss. 1974); Judge v. Judge, 370 So.2d 833, 834 (Fla. 1979). We recognize that use of the home by appellant is in the nature of continuing monthly alimony. Rhodes v. Rhodes, 336 So.2d 1315 (Miss. 1976); Savell v. Savell, 290 So.2d 621 (Miss. 1974).
In addition, the appellee will be required to refinance the home indebtedness with a long-term loan, if he cannot make the present monthly payments and provide adequate support indicated herein. Child support may or may not be increased and reasonable alimony will be allowed on a retrial, after considering all facts and circumstances then existing.
The decree of the lower court is affirmed as to the divorce, custody of children, medical, drug, dental and hospital expenses for the children, allocation of personal property and attorney's fees. It is reversed and rendered as to use and possession of the home, increase of child support, and an allowance of alimony, and is remanded for determination of the issues mentioned herein, consistent with this opinion.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART AND REMANDED TO THE LOWER COURT.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.

APPENDIX I
1. The Court has jurisdiction of the parties and the subject matter.
2. The defendant, Martha H. McIlwain, is granted a divorce ... on the ground of habitual cruel and inhuman treatment;
3. Martha H. McIlwain is awarded the custody of the minor children of the parties: ...;
4. Cecil McIlwain shall pay ... the sum of $400.00 per month child support to begin *519 November 5, 1982 and a like payment to be due and payable on the 5th day of each month thereafter;
5. Martha H. McIlwain shall have the use, possession and ownership of the 1979 Datsun automobile ... and Cecil McIlwain, Jr. shall make the monthly payments thereon and keep them current;
6. Cecil McIlwain, Jr. shall have the use and possession of the home of the parties in Wayne County, Mississippi and shall pay unto Martha H. McIlwain the sum of $175.00 per month as reasonable living expenses for the minor children of the parties, said amount to be due and payable on the same day as the child support payments. Cecil McIlwain, Jr. shall have the option of allowing Martha H. McIlwain and the minor children of the parties to remain at the property and the said $175.00 per month shall be waived by Martha H. McIlwain by her living on the property; should Cecil McIlwain, Jr. elect to take possession of the home property the said Martha H. McIlwain shall be allowed to remain on the property until January 15, 1983.
7. Cecil McIlwain, Jr. shall provide such furniture and household items as shall be necessary for Martha H. McIlwain to establish a home for the minor children of the parties;
8. Cecil McIlwain, Jr. shall be responsible for all reasonable medical, drug, dental and hospital expenses which shall be incurred by the minor children;
9. Cecil McIlwain, Jr. shall pay unto Thomas L. Goldman, attorney for Martha H. McIlwain, the sum of $750.00 attorney fees in this matter.
APPENDIX II

APPELLANT'S EXPENSES

 Item Amount Per Month
 Groceries $ 400.00
 Utilities 200.00
 Medicine 125.00 (includes personal hygiene items)
 Telephone 50.00 (acknowledged by appellee's testimony)
 Gasoline 100.00
 School 85.00 (includes supplies and lunches)
 _________
 Monthly Total $ 960.00
 Auto Insurance-$170.00/year
 Clothing-$100.00/mo. (For the two boys)

Appellant states that $868.00 would be adequate child support

APPELLANT'S EARNINGS
Part-time Job  $2,671.50 (during tax season only)
Alimony Suggestion  $200.00 per month in alimony

APPELLEE'S INDEBTEDNESS
(1) Home mortgage or promissory note  $59,510 (Home improvement loan balance paid annually  $14,000)
(2) 1979 Datsun (which appellant would use)  $2,500

APPELLEE'S EXPENSES
(1) Rented mobile home, furnished  $235.00[*]
(2) Business expense over per diem  $300.00 (1981)
[*] Appellee would not have this expense if he were in his home now and appellant were leasing. It would decrease to $175 per month as ordered by the special chancellor.

*520 APPELLEE'S INCOME

 (1) $50,000 in 1981 - A.G.I. for tax purposes - $49,893.00
 (2) Gross salary $3,000/mo.)
 Fees 250/mo.) $40,800/year
 Travel expense 125/mo.)
 Take-home after deductions - $26,400/yr. (special chancellor's
 calculations)

ASSETS
Mineral rights  $11,000 (one-time lease, 1981) Record does not state when they could be leased again.
Fishing camp property  Value unknown (Buckatunna Creek)
1976 Truck and Jeep  Paid For
Certificates of Deposit  $8,000 to $10,000 (1981) (For children's education  Appellee retains signature rights)
NOTES
[1] One source of income was an $11,000 oil, gas and mineral lease which probably will not occur again.