445 So.2d 538 (1984)
Jimmy BOYKIN
v.
Sue B. BOYKIN.
No. 54588.
Supreme Court of Mississippi.
February 8, 1984.
Robert C. Grenfell, Jackson, for appellant.
E. Howard Eaton, Taylorsville, for appellee.
Before BROOM, P.J., and HAWKINS and DAN M. LEE, JJ.
HAWKINS, Justice, for the Court:
Jimmy Boykin appeals from a divorce decree of the Chancery Court of Smith County in which the chancellor, after granting him a divorce from his wife, awarded possession of the home to the wife until she remarries or moves.
The only issue we address on this appeal is whether the chancellor erred as a matter of law, or was manifestly wrong in awarding possession of the residence to the wife. Persuaded the chancellor had authority to award possession to the wife and was not manifestly wrong, we affirm.
Mr. and Mrs. Boykin married on April 14, 1962, and lived together as husband and wife until they separated January 9, 1982. Two sons were born of their marriage, one 18 years of age at the time of trial, and the other 14. She filed suit, he answered and cross-complained. The proof for both was rather weak, but the chancellor awarded the divorce to the husband, and there was no cross-appeal by Mrs. Boykin.
It was the desire of the younger son to remain with his father, and the chancellor awarded custody to Mr. Boykin. The older son desired to live with Mrs. Boykin.
The chancellor awarded possession of the home to Mrs. Boykin until she remarries or moves, and required Mr. Boykin to pay the monthly notes of $58.00 each, secured by a deed of trust against the home.
Mr. Boykin appealed, and alleges the chancellor erred in giving Mrs. Boykin possession of the home. The basis of his contention is that since the minor son is living with him, and he was awarded his custody, as a matter of law he was entitled to possession of the home. There is no Mississippi case directly in point.
We have recently held that a decree awarding possession of the marital residence to the wife may be construed as continuing alimony. McIlwain v. McIlwain, 441 So.2d 517 (Miss. 1983, and not yet reported). Further, in a domestic relations *539 case, there is no reason why a chancellor, under the broad discretion granted him, cannot in his decree award possession of the marital residence to either party.
Counsel for Mr. Boykin argue cogently that because custody of the child was awarded to him, he is entitled to possession of the home. He cites several cases from Florida and Alabama to support this contention. See: Zeller v. Zeller, 396 So.2d 1177 (Fla.App. 1981); McMaster v. McMaster, 379 So.2d 189 (Fla.App. 1981); Weaver v. Weaver, 394 So.2d 378 (certiori denied Ex parte Weaver, 394 So.2d 380 (Ala. 1981)) (Ala. Civ. App. 1980); Hudson v. Hudson, 391 So.2d 664 (Ala. Civ. App. 1980); Ray v. Ray, 379 So.2d 627 (Ala. Civ. App. 1980); Hausler v. Hausler, 382 So.2d 806 (Fla. App. 1980); McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979); Alford v. Alford, 364 So.2d 1255 (Fla.App. 1978); Bailey v. Bailey, 361 So.2d 204 (Fla.App. 1978); and Cobb v. Cobb, 352 So.2d 1384 (Ala. Civ. App. 1977). We construe these cases, at least insofar as they have any application in this state, that as a general rule it is better to award possession of the marital residence to the party who is given custody of the children.
This is not, however, nor should it be, a rigid rule requiring adherence in every case. There are times when such a rule should be strongly emphasized, as just as patently there may be times when it is not so important.
The parties in this case had been married twenty years. Both are good citizens. The chancellor heard all the testimony, viewed the situation of the parties as only a trial judge can, and we are unable to say he was manifestly wrong under the facts of this particular case.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.