This case presents the familiar question of whether the chancellor below erred in denying modification of the ex-husband's alimony obligations.
David Warren Bonderer and Helen Dian Robinson were divorced in the Chancery Court of Jackson County by decree dated March 21, 1980 on the grounds of habitual cruel and inhuman treatment. This decree provided for custody of the two children and use and possession of the family residence as well as child support and alimony. The decree was affirmed by this Court on appeal without an opinion. Bonderer v. Bonderer, 395 So.2d 969 (Miss. 1981).
Upon petition and cross-petition the chancellor on January 5, 1983 modified visitation and use and possession provisions of the original decree, also requiring Ms. Robinson to begin paying one-half of the mortgage payments and property taxes and insurance. On April 18, 1983, David Warren Bonderer petitioned for relief from his alimony obligations alleging that Ms. Robinson's involvement in illicit relationships amounted to a material and substantial change in circumstances. Bonderer amended his petition March 30, 1984, again seeking termination of alimony and also seeking to be free of all responsibility for mortgage payments, property taxes and insurance if the court would not order the residence to be put on the market for sale. Helen Dian Robinson answered and counterclaimed seeking modification of child support and exclusive use and possession of the former family residence. After a hearing, the court, by order dated November 2, 1984, denied Bonderer's requested relief from alimony obligations. The court terminated Ms. Robinson's exclusive use of the residence, and increased child support on a temporary basis until reconsideration in the April, 1985 term of court. Finally, the court required the parties to submit a proposal for a rehabilitative program to correct the deteriorated nature of the relationship between the parties and its effect on the children. The court decreed that a guardian ad litem would be appointed if the parties failed to submit the plan. From this decree, Bonderer appeals assigning the following errors:
 I.
 ALTHOUGH THE COURT FOUND THAT THE APPELLEE'S CONDUCT CONSTITUTED A MATERIAL CHANGE IN CIRCUMSTANCES, THE COURT ERRED IN FINDING THAT THE ALIMONY WAS LUMP SUM AND COULD NOT BE TERMINATED.
 II.
 THE COURT ERRED IN NOT GRANTING APPELLANT'S ATTORNEY'S FEES AND COSTS.
We hold that the chancellor erred in finding that the alimony was lump sum. However, since we find that the chancellor reached the correct result in attempting to end the seemingly perpetual litigation between these parties, we affirm.
 FACTS
The facts weighing on this appeal are relatively simple. The decree granting the couple's divorce provided in part:
 ORDERED, ADJUDGED AND DECREED that the defendant pay to the complainant the sum of $600.00 per month for three years; that the defendant pay to the complainant for the next succeeding three years thereafter the sum of $400.00 per month; that the defendant pay to the complainant for the next succeeding three years thereafter the sum of $300.00 per month; and for *Page 316 
the final three year period next succeeding the sum of $100.00 per month.
Much of the testimony at the two-day hearing related to Ms. Robinson's sexual conduct. Suffice it to say there was ample uncontradicted testimony to support the chancellor's finding that
 Mrs. Robinson has engaged in sexual relations with two or three men since the last hearing and such has occurred with regularity for an extended period of time with one of the men.
However, the chancellor was of the opinion that the alimony awarded in the original decree was lump sum, rather than periodic, and therefore not subject to modification. There was additional testimony concerning child support and testimony bearing on Ms. Robinson's continued exclusive use of the former family residence. Bonderer here does not question that part of the chancellor's decree increasing, at least temporarily, monthly child support payments. The chancellor noted that the purpose of awarding Ms. Robinson exclusive use and possession of the family residence had been accomplished. Ms. Robinson had completed training as contemplated by the original decree and at the time of the hearing she was employed as a school teacher. In terminating her exclusive use and possession, the chancellor ordered that either party could seek partition of the property after November 1, 1984 if the parties could not agree on disposal of the property. The chancellor relieved Bonderer from any responsibility for mortgage and insurance payments and taxes.
There was evidence introduced to attempt to show that the parties were using the children to get at each other, and this perhaps led the chancellor to order remedial measures to correct what the chancellor saw as a deteriorated relationship.
 LAW
The chancellor erred by holding that the alimony was lump sum or in gross. In Sharplin v. Sharplin, 465 So.2d 1072, 1073 (Miss. 1985), we stated that "unless the decree by clear and express language imports lump sum alimony, or alimony in gross" the award should be construed as periodic. (citing Wray v.Wray, 394 So.2d 1341, 1345 (Miss. 1981)). The alimony provision here was not clear and did not expressly import lump sum alimony although the parties seemingly treated it as such.
This does not end the discussion, however. We stated in Owenv. Gerity, 422 So.2d 284 (Miss. 1982) that merely proving that an alimony recipient engaged in sexual relations does not automatically require termination.
 In such a case, the chancellor, as the trier of fact, has the duty to find whether or not the alleged misconduct of the former wife is of such a nature as to forfeit her right to future alimony. This question must be faced on a case-by-case basis.
422 So.2d at 287. The chancellor's finding did not make clear whether he thought the misconduct was "of such a nature as to forfeit her right to future alimony."
However, we do not think it necessary to remand this case to obtain the chancellor's opinion as we said in Tutor v. Tutor,494 So.2d 362 (Miss. 1986) (citing Gresham v. Gresham,198 Miss. 43, 48, 21 So.2d 414, 416 (1945)):
 This Court has the power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part or remand for a new hearing, and where all the facts necessary to enable it to do justice are contained in the record, it may make such order with respect to alimony or allowances as the trial court should have made. The essential facts are in the record. There would seem no need to remand the cause.
Taking the record and the chancellor's findings and conclusions as a whole, it is clear that the chancellor tried to put an end to the seemingly unending litigation between these parties. We are of a like mind.
Both sides got part of what they wanted. Ms. Robinson obtained an increase in child support, at least temporarily. Bonderer *Page 317 
was released from all financial responsibility for the residence and he may partite the property if he has not already done so. The chancellor might have taken into consideration that the monthly payments and exclusive possession by Ms. Robinson of the marital residence may be construed as continuing alimony. See
e.g. Boykin v. Boykin, 445 So.2d 538 (Miss. 1984); McIlwain v.McIlwain, 441 So.2d 517 (Miss. 1983); Rhodes v. Rhodes,336 So.2d 1315 (Miss. 1976); Savell v. Savell, 290 So.2d 621 (Miss. 1974). On balance, this seems to be an equitable solution. Certainly we are not required to leave our common sense at home.Kavanaugh v. Carraway, 435 So.2d 697, 700 (Miss. 1983). The chancellor's solution makes sense.
We cannot say that the chancellor was manifestly wrong in denying Bonderer's request for modification payments. The chancellor might have assigned the wrong reason, but that does not prevent us from affirming on appeal. Allgood v. Bradford,473 So.2d 402, 411 (Miss. 1985); Tedford v. Dempsey437 So.2d 410, 418 (Miss. 1983); Huffman v. Griffin, 337 So.2d 715, 723 (Miss. 1976).
The chancellor no doubt by this time has made appropriate orders regarding child support and the plan to rehabilitate the parties' relationship. The fact that these two items had not been resolved demonstrates the untimeliness of the appeal taken to this Court. If these matters have not been finally resolved we assume the chancellor would deal with them as soon as possible.
Bonderer also assigns as error that the chancellor denied his request for attorney's fees and costs. However, Bonderer does not argue the point or cite any authority to support his contention. We do not consider this assignment. Ramseur v. State,368 So.2d 842, 844 (Miss. 1979).
Finding that the chancellor reached the right result, though possibly assigning the wrong reason, we affirm.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.