# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-01576-SCT

*DARRYL MIXON a/k/a DARRELL MIXON a/k/a*
*DARYL MIXON a/k/a LARRY WILLIAMS a/k/a*
*REGINALD WELLS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/2004 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOSE BENJAMIN SIMO |
| DISTRICT ATTORNEY: | FAYE PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/08/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., DICKINSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Darryl Mixon was tried and convicted by a jury of motor vehicle theft under Miss. Code Ann. § 97-17-42 in the Circuit Court of the First Judicial District of Hinds County.  Since he had two prior convictions in which he actually served one year or more, one of which was a violent offense, Mixon was sentenced to life imprisonment as a habitual offender under Miss. Code Ann. § 99-19-83.

**FACTS**

¶2.     At approximately 6:15 a.m. on December 9, 2002, Theodis Smith entered a Spur service station to pay for gasoline.  While entering he passed a man leaving the store who, moments later, jumped into Smith's truck and began driving away.  The clerk alerted Smith that someone was driving his truck away from the station.  Smith ran outside and saw that the driver was the same man he had passed while entering the store.  At the same time, a co-worker of Smith was driving by and picked Smith up.  The two followed Smith's truck behind a white Honda Accord which was also following Smith's truck.  Subsequently, Smith's truck came to a stop.  The driver of the Accord also stopped, jumped out, and aided in unloading tools from Smith's truck.  Smith called the police, giving them the address of a nearby home, and remained there awaiting their arrival.  Both the drivers, in Smith's truck and the Accord, fled the scene before Officer Catchings arrived.  The officer obtained a report of the incident and descriptions of the perpetrators from Smith.  At approximately 8:45 a.m., Smith was notified by the police that two individuals fitting the descriptions had been captured.  Smith went to the scene and, in the presence of Officers Catchings and Williams, identified Mixon as the person who had stolen his truck.  At trial, Smith stated that he did not know Mixon before the theft and had never given Mixon permission to use or borrow the truck.

¶3.     On March 12, 2004, the jury found Mixon guilty of motor vehicle theft under Miss. Code Ann. § 97-17-42.  From that verdict, Mixon appeals seeking a new trial.

**ANALYSIS**

¶4.     Mixon raises three issues on appeal.  First, he alleges that the State was erroneously allowed to bolster its case through the hearsay testimony of Detective Steven Wansley.

2

Second, he argues that the State's second amendment to the indictment during trial was flawed. Third, he asserts that the State's summation was inflammatory.

¶5. This Court "will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of evidence that, to allow it to stand, would be to sanction an unconscionable injustice." *Pearson v. State,* 428 So. 2d 1361, 1364 (Miss. 1983). To hold otherwise would "denigrate the constitutional power and responsibility of the jury in our criminal justice system." *Groseclose v. State,* 440 So. 2d 297, 300 (Miss. 1983). Since "jury verdicts will not be disturbed except under the most dire of circumstances," the review of criminal convictions is "in the light most favorable to the conviction." *King v. State,* 798 So. 2d 1258, 1261 (Miss. 2001).

¶6. The admission of evidence is within the sound discretion of the trial judge. That discretion must be exercised in conformity with the Mississippi Rules of Evidence. Reversal is only appropriate when an abuse of discretion has "result[ed] in prejudice to the accused." *Parker v. State,* 606 So. 2d 1132, 1137-38 (Miss. 1992); *See also Sewell v. State,* 721 So. 2d 129, 138 (Miss. 1998).

### I. Was the State erroneously allowed to bolster its case with hearsay testimony?

¶7. In the presence of Officers Catchings and Williams, Smith identified Mixon as the individual who had taken his truck. Officer Catchings later advised Detective Steven Wansley of Smith's identification of Mixon. Following Officer Catchings's testimony at trial,

Detective Wansley testified that Officer Catchings advised him of Smith's identification of Mixon.

¶8.    Mixon argues that, over his objection, Detective Wansley was improperly permitted to testify that Officer Catchings had told him that Smith identified Mixon as the perpetrator. On redirect, the same alleged hearsay was permitted as the circuit judge concluded that such "investigative work" was not incompetent hearsay and/or because the "door had been opened" to the hearsay on cross-examination.[1]

¶9.    Citing *Murphy v. State,* 453 So. 2d 1290, 1294 (Miss. 1984), Mixon maintains that "you simply cannot 'open the door' to hearsay." In *Murphy*, this Court found that "[h]earsay is incompetent evidence. You may open the door for collateral, irrelevant, and otherwise damaging evidence to come in on cross-examination . . . but Mississippi recognizes no rule of law that allows double hearsay to be brought in through this open door." *Id.* (citations omitted). We reaffirm the holding of this Court in *Murphy*. *See also* *Kolberg v. State,* 829 So. 2d 29, 77 (Miss. 2002). However, the inquiry regarding admissibility does not end there. The Mississippi Rules of Evidence control the admissibility vel non of the alleged double hearsay or, more accurately stated, hearsay included within hearsay. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." M.R.E. 805.

---

[1]As to Mixon's allegations of "bolstering," the trial court properly exercised its discretion in overruling the objection of Mixon's counsel. The trial court found that "[Mixon's counsel] went into identification [by Wansley]. [State's counsel] may go into identification."

4

¶10.    Mississippi Rule of Evidence 801(d)(1)(C) provides "[a] statement is *not hearsay* if: [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . one of identification of a person made after perceiving him . . . ." (emphasis added).    Here, Smith, the first declarant, was available for cross-examination, and also made an in-court identification of Mixon as the individual who stole his truck.    Moreover, the second declarant, Officer Catchings, likewise testified at trial and was also available for and subject to cross-examination.    Therefore, the statements regarding Smith's identification were not hearsay.    M.R.E. 801(d)(1)(C).    These declarations were statements of identification made after perceiving Mixon.    Therefore, this Court finds Detective Wansley's testimony that Officer Catchings informed him of Smith's identification of Mixon as the perpetrator was not hearsay and therefore was admissible.

¶11.    Mixon further argues that such a statement is inadmissible hearsay citing *Ratcliff v. State,* 308 So. 2d 225, 227 (Miss. 1975).    *Ratcliff* did hold that the statements of an informant to investigators were inadmissible hearsay.    However, that decision is clearly distinguishable from the case at bar.    The linchpin of the *Ratcliff* decision was that "an accused person is entitled to be confronted with and have opportunity to cross-examine witnesses against him." *Id.*    In *Ratcliff*, the defendant was not given the opportunity to confront or cross-examine the informant-declarant.    Conversely, Mixon had the opportunity to cross-examine both Smith and Officer Catchings.    *See also **Stubbs v. State,*** 878 So. 2d 130, 134 (Miss. Ct. App. 2004) (distinguishing *Ratcliff* where the informant-declarant was available for cross-examination).    As such, this Court finds that Mixon's reliance on *Ratcliff* is without merit.    Although the

5

circuit judge articulated an improper basis to admit this testimony, the testimony was nonetheless admissible. Therefore, Mixon's right to a fair trial was not prejudiced by the trial court's ruling. This issue is without merit.

**II. Was the second attempted amendment of the indictment during trial flawed?**

¶12. Mixon's indictment for motor vehicle theft initially included the word "feloniously," in spite of the fact that the term is absent from the motor vehicle theft statute.[2] Mixon contends that while the State's second motion to amend the indictment[3] to remove the word "feloniously" was granted by the trial judge over Mixon's objection, no actual order allowing this amendment was entered as required by Miss. Code Ann. § 99-17-15.[4]

¶13. The "purpose of an indictment is to furnish the accused [with] such a description of the charges against him as will enable him to adequately prepare his defense." *King v. State,* 580 So. 2d 1182, 1185 (Miss. 1991) (quoting *Williams v. State,* 445 So. 2d 798, 804 (Miss.

---

[2] § 97-17-42(1) states:
Any person who shall, *willfully and without authority*, take possession of or take away a motor vehicle belonging to another, and any person who knowingly shall aid and abet in such taking possession or taking away, shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than five (5) years.
(Emphasis added).

[3] The State's first motion to amend the indictment pertained to "a scrivener's error in the enhancement portion of the indictment" and is not disputed on appeal.

[4] § 99-17-15 provides in part:
The order of the court for amendment of the indictment, record or proceedings provided in section 99-17-13 shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, and shall have the same effect as if the indictment or other proceeding were actually changed to conform to the amendment . . . .

6

1984)). Rule 7.06 of the Uniform Circuit and County Court Rules,[5] comports with the notice requirements of the Sixth and Fourteenth Amendments of the United States Constitution and Article 3, Sections 14 and 26 of the Mississippi Constitution, and thus provides the starting point for consideration of the sufficiency of an indictment. *See **Richmond v. State,*** 751 So. 2d 1038, 1045 (Miss. 1999). Essentially, nothing more than a "concise and clear statement of the elements of the crime charged" is required. ***King,*** 580 So. 2d at 1185 (quoting ***Williams,*** 445 So. 2d at 804).

¶14. Here there was an oral motion to amend the indictment during trial because the word "feloniously" was included in the indictment due to a "scrivener's error." Mixon was clearly charged with motor vehicle theft under § 97-17-42. The trial court overruled Mixon's challenge to this alleged "amendment of substance" as this was clearly a motor vehicle theft

---

[5]Rule 7.06 states:

The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."

case, not a grand larceny case (which requires the State to establish "feloniously").[6]  The

heading on the original indictment stated "motor vehicle theft," cited code section "97-17-42,"

and, but for the word "feloniously," tracked the language of Miss. Code Ann. § 97-17-42(1)

for "motor vehicle theft."  "[M]erely formal or technical words, shall not be necessary in an

indictment if, without them, the offense be certainly and substantially described."  Miss. Code

Ann. § 99-7-3.  This Court has held that an indictment containing the word "feloniously" when

it did not appear in the statute still properly charged the defendant with simple assault.  *See*

***Reining v. State,*** 606 So. 2d 1098, 1103 (Miss. 1992).  As the indictment provided the

accused with actual notice and complied with then-existing Rule 2.05 of the Uniform Criminal

Rules of Circuit Court Practice,[7] it was found "sufficient to charge the defendant with the

crime." ***Id.***

¶15.     "The court for any formal defect, may, if it be thought necessary, cause the indictment

to be forthwith amended, and thereupon the trial shall proceed as if such defect had not

appeared."  Miss. Code Ann. § 99-7-21.  Such amendments, however, may pertain to matters

of form only, not matters of substance.  *See* ***Shive v. State,*** 507 So. 2d 898, 900 (Miss. 1987)

(citing ***Copeland v. State,*** 423 So. 2d 1333, 1336 (Miss. 1982)).  Amendments of substance

include those which "change the charge made in the indictment to another crime." ***Shive,*** 507

So. 2d at 900.  Fundamentally, "[e]very material fact and essential ingredient of the offense –

---

[6]Although the trial court noted that, "even if the felonious word were left in the case
that there has been a prima facie case proven by the State against this particular defendant."

[7]Now Rule 7.06 of the Uniform Circuit and County Court Rules. *See* ***Ishee v. State,***
799 So. 2d 70, 76 (Miss. 2001).

8

every essential element of the offense – must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment." *Copeland,* 423 So. 2d at 1336 (quoting *Love v. State,* 211 Miss. 606, 611, 52 So. 2d 470, 472 (1951); *Brewer v. State,* 351 So. 2d 535, 536 (Miss. 1977)). The amendment complained of is of no consequence here because it merely amounted to a permissible change of form. The purpose of an indictment is to inform the accused of the charges against him. *See King,* 580 So. 2d at 1185. Here, the indictment explicitly stated that Mixon was being charged with motor vehicle theft under Miss. Code Ann. § 97-17-42. Additionally, there was no evidence presented that Mixon was surprised or that he did not know, to his prejudice, that he was being prosecuted under Miss. Code Ann. § 97-17-42 for motor vehicle theft. There being no prejudice or surprise, this Court finds the trial judge did not abuse his discretion in permitting an on-the-record amendment of the indictment. This issue is without merit.

### III. Was the State's summation inflammatory?

¶16. Lastly, Mixon asserts that the State's closing argument prejudicially referred to Mixon's prior conviction for false pretenses and inflammatorily alluded to Mixon's guilt.[8] As one may note by the style of this case, Mixon has a penchant to use more than one name or

---

[8]In closing argument, the prosecutor stated:
Darryl Mixon wants you to believe that even though he is a convicted liar, he's telling the truth today. That's what this is. This is an abstract for false pretenses. He admitted it. He knew we had it. He admitted to it. But he also said one very important thing. Why did you lie? I lied because I didn't want to go to jail. Do you think he wants to go to jail today? No, he doesn't want to go to jail today. If he did, he would have pled guilty a long time ago, and he would be in jail.

9

alias, including at the time of his arrest for this crime. The trial court found that Mixon's testimony, including an explanation for furnishing an alias to the arresting officer during direct examination, opened the door for the State to cross-examine Mixon regarding both a prior false pretenses conviction and his use of aliases.[9] Therefore, the trial court overruled the objection of Mixon's counsel to questions on cross-examination about a prior conviction and prior use of alias names.

¶17.   The Mississippi Rules of Evidence support the trial judge's determination. *See* M.R.E. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, . . . intent, . . . identity, or absence of mistake or accident."); M.R.E. 608(b)(1) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness . . . ."); M.R.E. 609(a)(2) ("For the purpose of attacking the credibility of a witness, . . . (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment."). For certain, if the evidence was admissible, the State had the right to comment on the evidence in closing.

---

[9]On direct examination, Mixon explained that at the time of his arrest on December 9, 2002, "I gave them a false name because it was around Christmas, and I had old fines, and I didn't want to go to jail." On cross-examination, he added that, "I wanted to be out for my kids . . . ."

¶18.    "[T]he test to determine if an improper argument by a prosecutor requires reversal is whether the natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice." *Dunaway v. State,* 551 So. 2d 162, 163 (Miss. 1989).   The evaluation of prejudice is a "question of severity" in which "the trial court has discretion in determining whether the inflammatory or prejudicial nature of the prosecutor's statement is significant enough to warrant granting the defendant's motion for a mistrial." *Sullivan v. State,* 749 So. 2d 983, 991 (Miss. 1999) (citing *Hoops v. State,* 681 So. 2d 521, 528 (Miss. 1996)).   While prosecutors "must exercise caution and discretion in making extreme statements in their arguments to the jury," *Johnson v. State,* 596 So. 2d 865, 869 (Miss. 1992), "[t]here is no precedent supporting the [idea] that a single inappropriate statement by a prosecutor is grounds for a new trial." *Sullivan,* 749 So. 2d at 991.

¶19.    In *Ramseur v. State,* 368 So. 2d 842 (Miss. 1979), this Court held that the trial judge properly sustained an objection to a prosecutor's argument that the jurors were representatives of "the people of the State of Mississippi and this community."  *Id.* at 845.   Since the trial court sustained the objection, this Court found that no prejudice resulted. *See id.*

¶20.    In the present case, the trial judge sustained the defendant's objection to the State's closing argument that "[Mixon] doesn't want to go to jail today.  If he did, he would have pled guilty a long time ago, and he would be in jail."  The trial judge then told the jury to disregard the statements of the prosecutor.   Thereafter, the trial judge overruled the defendant's motion for a mistrial.   In so doing, the trial judge did not abuse his discretion.   Under *Ramseur*, by

11

sustaining the objection and informing the jury of the necessity of disregarding the putative prejudicial statements, any potential prejudice was avoided. Accordingly, this Court finds that the trial judge's decision to overrule the defendant's motion for a mistrial was an appropriate exercise of his discretionary power under the circumstances.

## CONCLUSION

¶21. Finding no prejudice to Mixon because of the trial court's rulings, and further finding no other basis to disturb the verdict of the jury, we affirm the judgment of the trial court.

¶22. **CONVICTION OF MOTOR VEHICLE THEFT AND SENTENCE OF LIFE IMPRISONMENT, AS AN HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**