386 So.2d 393 (1980)
Oscar HARRIS
v.
STATE of Mississippi.
No. 51876.
Supreme Court of Mississippi.
July 30, 1980.
*394 Gerald, Brand, Watters, Cox & Hemleben, J.I. Palmer, Jr., Jackson, George S. Monroe, Newton, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, WALKER and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Appellant, Oscar Harris, was indicted, tried and convicted in the Circuit Court of Newton County, Mississippi, of armed robbery. He was sentenced to 30 years in the Mississippi State Penitentiary.
Harris assigns as error:
I. The trial court erred in overruling the motion to rescind the appointment of counsel on the ground of conflict of interest.
II. The trial court erred in denying defendant's motion for a psychiatric examination.
III. The trial court erred in denying defendant an instruction on the issue of insanity according to the rule announced in Collins v. State, 361 So.2d 333 (Miss. 1978).
IV. The trial court erred in denying defendant an instruction regarding intoxication by drug ingestion.
V. The trial court erred in overruling defendant's motion for a new trial.
VI. Requiring defendant to serve a full sentence without parole is invidious class discrimination constituting cruel and unusual punishment and is attributable to an abuse of discretion by the Mississippi Legislature.
*395 Jeanette Smith worked in her husband's trailer office. On September 5, 1978, Harris, who had been released from prison on a work-release program, entered Smith's office and inquired as to the whereabouts of Mr. Smith. When Mrs. Smith informed him that her husband was not in, the defendant went outside, looked up and down the street, then re-entered the office, pointed a gun at Mrs. Smith and demanded money. She gave him the small amount of money in her billfold, and also wrote him a $200 check. Harris then ordered Mrs. Smith to hand over her car keys which she did. He then jerked the phone from the wall, struck Mrs. Smith on the head with the gun knocking her to the floor. When Harris left, Mrs. Smith crawled to the back door of the office-trailer and screamed for help.
Darvis Vance, who worked in an office nearby, heard Mrs. Smith and proceeded to her office. Vance saw Harris moving toward Mrs. Smith's automobile, and told Harris to leave the Smith car alone, but Harris replied that he was taking the car to the shop for repairs. Harris then got in the car and drove off in a reckless fashion. Harris was later arrested at Evelyn Gallaspy's home after he had wrecked Mrs. Smith's automobile.

I.
J.I. Palmer, Jr., who was appointed by the court to defend Harris, soon after his appointment filed a motion to be allowed to withdraw as defense counsel because the victim, Mrs. Smith, had talked to the senior member of his law firm about the civil liability of Harris for the wrecked automobile. After a hearing on the motion, in which it was brought out that the actual details of the conference with Mrs. Smith were not made known to Palmer, that no civil suit would be filed and, therefore, the law firm did not actually represent Mr. or Mrs. Smith in this particular matter, the court overruled the motion to withdraw.
Mississippi has adopted the "actual prejudice" rule in Augustine v. State, 201 Miss. 277, 28 So.2d 243 (1946). In Augustine, this Court stated that the test is "whether the accused has been protected, so far as counsel can do so, in all of his legal rights."
It is clear to us, from a careful study of the record in this case, that Palmer represented the defendant well and protected Harris "in all of his legal rights." See also Dunn v. State, 264 So.2d 823 (Miss. 1972).
The trial judge did not abuse his discretion in overruling the motion of the court-appointed defense counsel to withdraw.

II.
MCA § 99-13-11 (1972) provides in part:
"In any criminal action in the circuit court in which the mental condition of a person indicted for a felony is in question, the court or judge in vacation on motion duly made by the defendant, the district attorney or on the motion of the court or judge, may order such person to submit to a mental examination by a competent psychiatrist selected by the court to determine his ability to make a defense; ... ." (Emphasis added).
A pre-trial hearing was held on the motion for a psychiatric examination. Ed Cumberland, sheriff of Newton County, and Charles Jackson, a deputy sheriff, testified that during the year that defendant was in jail he always appeared normal and rational and served as a trusty for about 3 months.
Melvin Anderson, who had known Harris most of his life, testified that defendant "didn't have good sense", that he did foolish things. However, Anderson admitted that the defendant had never been treated for a mental condition or psychiatrically examined.
Jim Allen, who had worked with the defendant, testified that some days the defendant was normal while at other times he seemed to be in a daze. It was his opinion that defendant was not right in the head.
The trial court was not in error in overruling the motion for a psychiatric examination under our holding in Bell v. State, 360 So.2d 1206 (Miss. 1978), wherein we said:

*396 "Evidence of the probability that the accused is unable to assist in his own defense must be presented. (citation omitted). The trial judge has reasonable discretion in determining whether the accused should be examined by a psychiatrist." 360 So.2d at 1209.
No testimony was offered that the defendant was not able to assist in his own defense.

III.
The instruction, refused by the trial court which is urged as error on appeal, does not appear anywhere in the record. It is a well settled rule of this Court that we will not consider any matter outside the record. Brown v. Elton Chalk, Inc.,, 358 So.2d 721 (Miss. 1978). We stated in Canal Insurance Company v. Howell, 253 Miss. 225, 175 So.2d 517 (1965), that it is up to the appellant to see that instructions questioned are in the record so that this Court can intelligently act on any question about an instruction.
Even if this point were properly before the Court, in Collins v. State, 361 So.2d 333 (Miss. 1978), we did not adopt the Parsons rule but instead reaffirmed the M'Naughten rule.
There is no merit in this assignment of error.

IV.
The trial court's refusal to give the appellant's proffered instruction on voluntary intoxication is supported by our holding in McDaniel v. State, 356 So.2d 1151 (Miss. 1978), wherein this Court said:
"If a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts." 356 So.2d at 1161.

V.
There is no merit in this assignment of error. Appellant's 6-line argument presents no facts nor does he cite any authority. In Ramseur v. State, 368 So.2d 842 (Miss. 1979), we said:
"Where assignments of error are unsupported by argument and authority, the court does not, as a general rule, consider them." 368 So.2d at 844.

VI.
Appellant contends that the Mississippi Legislature abused its discretion when it enacted MCA § 47-7-3 (Supp. 1979), denying parole to anyone convicted of robbery where the perpetrator of the crime displays a firearm. The Supreme Court of Louisiana answered this question in State v. Howard, 262 La. 270, 263 So.2d 32 (1972) wherein it said:
"Reform and rehabilitation are not the only legitimate objects of a sentence for crime. Deterrence, both to the accused and others, is a legitimate object of a sentence for criminal conduct. It is only in theory that rehabilitation is provided for those convicted of other crimes. All those convicted of armed robbery are treated alike. Defendant has not been denied the equal protection of the laws." 263 So.2d at 35.
In addition, this assignment of error is rendered moot by the recent amendment to MCA § 47-7-3 passed by the 1980 Mississippi Legislature. § 47-7-3(d) was amended by adding this language to the no eligibility for parole provision where a person was convicted of robbery through the display of a firearm:
"[U]ntil he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person."
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.