403 So.2d 132 (1981)
Joe Henry LEE
v.
STATE of Mississippi.
No. 52577.
Supreme Court of Mississippi.
September 2, 1981.
Stanley H. Hathorn, Hathorn & Hathorn, Louisville, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and BOWLING and HAWKINS, JJ.
HAWKINS, Justice for the Court:
Joe Henry Lee was convicted of burglary of a dwelling by the Circuit Court of Winston County, sentenced to a term of seven years in the state penitentiary with three years suspended, from which he appeals.
About 2:00 a.m. on Sunday morning, November 18, 1979, Mrs. Helen Hyde was awakened in her home when she observed the defendant (Lee) tiptoeing past her bedroom door. Her husband, E.L. Hyde, was sleeping in the country store they owned about two miles from their home. Their two teenage daughters Carol and Teresa *133 Hyde were also sleeping in the home at the time.
Mrs. Hyde had known Lee practically all of his life. Lee and his family had worked for her husband for years, although Lee had not worked for Hyde for about a year prior to this night.
Mrs. Hyde testified she "froze," lay on the bed for she did not know "how long," then got out of bed, walked to the door and started screaming, "get out of here, get out of here!" She said Lee did not hurry out, but finally she heard the front door open and close.
Mrs. Hyde telephoned her husband, and when he got to their house, Mrs. Hyde discovered a $20 bill and a $1 bill missing from her purse. Carol Hyde discovered her purse had been gone through, but did not recall having had any money. Teresa Hyde discovered a $10 bill and a $1 bill missing from her purse.
The sheriff found Lee slumped over the steering wheel of his car parked alongside a road. The sheriff testified Lee was "pretty heavy drunk," although he could walk. Lee was arrested, charged with public drunkenness and burglary, and paid a $25.00 fine for public drunkenness.
Lee, 23 years of age at the time of the trial in May, 1980, testified he started drinking about 10:00 o'clock in the morning of the previous day, a Saturday, and consumed a large amount of liquor. He had no recollection of going in the Hyde home.
Lee was employed at $5.00 per hour wages in November, 1979, and testified he had no need for money. He also testified he had eaten in the Hyde home when employed by Mr. Hyde and continued to trade at the Hyde store following November 18, 1979.
At the trial, Lee requested the following instruction:
To be found guilty of the burglary of an inhabited dwelling, the defendant must have had the specific intent to commit the act with which he is charged. Therefore, if you find that the defendant was so drunk or intoxicated at the time he went into the home of E.L. Hyde and Helen M. Hyde to the extent that he was unable to have the specific intent to commit a crime therein, and that he could not distinguish right from wrong, then you cannot find the defendant guilty of burglary in this case.
The circuit judge amended this instruction by adding the following paragraph:
However, if a Defendant, when sober, is capable of distinguishing between right and wrong, and the Defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts.
The court gave the instruction to the jury as amended.
The only error assigned on this appeal is the refusal of the trial court to give the instruction as initially requested by the defendant, and in giving it to the jury as amended.
In McDaniel v. State, 356 So.2d 1151 (Miss. 1978), the defendant was convicted of armed robbery while in a bizarre state of intoxication. He argued on appeal his intoxication rendered him incapable of forming any criminal intent. In a special opinion, concurred in by a majority of the Court's members, Justice Sugg related the history of the numerous cases before this Court involving this defense, from which the Court evolved the following rule:
If a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts.
Id. at 1161.
In Jackson v. State, 381 So.2d 1040 (Miss. 1980), the defendant was convicted of burglarizing a drug store while he was drugged. As in this case, however, his stupor did not prevent his having the mental capacity to take and remove property not *134 his own from the building. The trial court granted the following instruction:
The Court instructs the Jury that before you may find the Defendant, Doyle Gene Jackson, guilty of Burglary, you must find beyond a reasonable doubt that he had the specific intent to commit such a crime. Therefore, if you find that the Defendant was under the influence of drugs at the time it is alleged that he broke and entered Eckerd's Drug Store to the extent that he was unable to form the specific intent to burglarize said store, and that he could not then distinguish right from wrong, then you cannot find him guilty of Burglary.
Provided, however, if you find that the Defendant, Doyle Gene Jackson, formed the specific intent to commit the burglary in question before he came under the influence of drugs to the extent that he was unable to have the specific intent to commit the crime of burglary, if you do so find, and then voluntarily came under the influence of drugs, his use of drugs is no defense.
Id. at 1041.
Upon appeal we reiterated the rule announced in McDaniel, and held: "the court's instruction, while not entirely free from ambiguity, phrases the relevant law more favorably to the accused than required by our decisions." 381 So.2d at 1041.
Furthermore, in the case of Harris v. State, 386 So.2d 393 (Miss. 1980), we reaffirmed the McDaniel rule and held it was not error to refuse the appellant's proffered instruction on voluntary intoxication. In Jackson we did not hold that the defendant was entitled to an instruction on voluntary intoxication, rather we held the instruction was more favorable to him than required by law.
The McDaniel rule prevents "submission to a jury the question of voluntary intoxication as a defense in specific intent offenses." 356 So.2d at 1161. An amplified restatement of the rule is: a defendant, capable of distinguishing between right and wrong when sober, is not entitled to an instruction submitting to the jury his inability to form the specific intent to commit an offense because of his voluntary intoxication at the time the offense was committed. The rule was followed in Harris, supra.
In this case defendant was not entitled to the instruction in question, either as submitted by him, or as modified by the trial judge.
We hasten to add that voluntary intoxication is not a substitute for intent. Trial courts must remember that the purpose of the McDaniel rule is to remove voluntary intoxication as a defense, not to provide an affirmative instruction for the state which might mislead a jury into thinking that it is not necessary to prove intent, when intent is a requisite ingredient of the offense.[1]
*135 In this case, there was sufficient evidence for the jury to believe that the defendant intended to commit larceny while in the house because of the evidence from the occupants that their purses had been rummaged through and money was missing.
Finding no error, we affirm.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] Defendant was charged with burglary of an inhabited dwelling proscribed by section 97-17-21 Mississippi Code Annotated (1972). We commend to the bench and bar the instruction in Mississippi Model Jury Instructions (1977) § 122.09 relating to burglary of an inhabited dwelling which follows:

The defendant, ____, has been charged by an indictment with the crime of burglary by breaking and entering [name]'s dwelling house with the intent to commit some crime once inside while the dwelling house was occupied by [name], a human being.
If you find from the evidence in this case beyond a reasonable doubt [and to the exclusion of every other reasonable hypothesis consistent with innocence] that
1. the [building/house/apartment] was used by [name] as [his/her] dwelling, and
2. the defendant, ____, broke and entered [name]'s dwelling by [here state essential facts tending to show use of some force by defendant], and
3. at the time the defendant entered this dwelling, [name], a human being was inside, and
4. the defendant, ____, intended, once inside the dwelling, to [state act], which is a crime under the laws of Mississippi, then you shall find the defendant guilty of burglary of an inhabited dwelling.
If the state has failed to prove any one or more of these elements beyond a reasonable doubt [and to the exclusion of every other reasonable hypothesis consistent with innocence], then you shall find the defendant not guilty of burglary of an inhabited dwelling.