445 So.2d 227 (1984)
William Thomas SMITH
v.
STATE of Mississippi.
No. 54723.
Supreme Court of Mississippi.
February 1, 1984.
*228 Charles "Bo" Little, Pontotoc, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and BOWLING, JJ.
*229 ROY NOBLE LEE, Justice, for the Court:
William Thomas Smith was convicted in the Circuit Court of Pontotoc County, Honorable Fred Wicker, presiding, on five counts of armed robbery and, pursuant to the jury verdict of guilty agreeing that Smith be sentenced to life in the state penitentiary on each count, the lower court so sentenced Smith, the sentences to run concurrently. Smith has appealed to this Court and assigns ten errors in the trial below.
On August 30, 1981, appellant, wearing a mask and armed with a six-shot pump shotgun, entered the Pleasant Grove Baptist Church in Pontotoc County, during the Sunday morning worship service, and began to threaten and vilify the congregation. Appellant ordered members to pass before him and drop their money and other valuables on the floor. He threatened that he could kill six people, since his shotgun was fully loaded. As a result of his actions, members of the congregation were frightened and terrified, and began to comply with appellant's orders.
Rev. Leroy Crouch, pastor of the church, had been slowly inching his way toward appellant and he lunged and grabbed appellant's arms. Immediately, several men in the congregation ran forward and appellant was disarmed, subdued, bound, and blindfolded. His mask was removed and the sheriff was called. Appellant was subsequently identified as William Thomas Smith. He was incarcerated and bond was fixed at $25,000.

I.
Did the lower court err in refusing to accept appellant's guilty plea to Count II of the indictment in # 8772?
The indictment in Cause No. 8771, the case sub judice, charged appellant with five counts of armed robbery. The indictment in cause no. 8772 charged Smith with one count of attempted kidnapping and one count of disturbing a worship service. The appellant attempted to enter a guilty plea to Count II of the indictment in No. 8772 and contends that he constructively entered a guilty plea thereto and contends that he was placed in jeopardy insofar as the present cause is concerned.
The court did not conduct a hearing to determine whether or not the proposed plea was understood, free and voluntary. The prosecuting attorney moved to nol-pros Count II of indictment No. 8772, which was sustained by the lower court.
Appellant does not show how or why double jeopardy will apply in a situation such as presents itself here. Under these circumstances the principle stated in Ramseur v. State, 368 So.2d 842 (Miss. 1979) applies.
However, we are of the opinion that no double jeopardy issue exists and that there is no merit in this assignment. Hughes v. State, 401 So.2d 1100 (Miss. 1981); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

II.
Did the lower court err in declining to grant appellant a change of venue?
On a motion for change of venue, the State introduced five witnesses and the appellant introduced seven witnesses, including himself. The substance of the State's evidence was that appellant could obtain a fair trial from an unprejudiced and unbiased jury in Pontotoc County, while that of the appellant was to the contrary. Fourteen newspaper articles relating to the incident were introduced in the record.
The appellant cites Seals v. State, 208 Miss. 236, 44 So.2d 61 (1950), to the effect that witnesses of the State testified that they believed appellant could get a fair trial because of the good people in Pontotoc County. That type testimony was disapproved in Seals. However, the State's witnesses each testified that they knew of no prejudice against appellant in the public mind and, in their judgment, appellant could obtain a fair and unbiased trial in the county. The sheriff of Pontotoc County testified that he had talked to at least *230 seventy-five people in the county in an effort to determine whether or not there was prejudice against appellant and whether or not he could obtain a fair trial, and, as a result of his investigation, it was his opinion that appellant could obtain a fair trial in the county.
On conflicting evidence, the trial judge determined that appellant could receive a fair trial in Pontotoc County from an unprejudiced and unbiased jury, and we cannot say that he abused his discretion in overruling the motion for change of venue. Tubbs v. State, 402 So.2d 830 (Miss. 1981); Myers v. State, 268 So.2d 353 (Miss. 1972).

III.
Did the lower court err in refusing to appoint another attorney to assist court-appointed counsel in the trial of the cause?
Appellant contends that Mississippi Code Annotated § 99-15-17 (Supp. 1982) requires that, in a capital case, two attorneys be appointed to represent an indigent defendant. However, the section provides that in a capital case, two attorneys may be appointed to represent an indigent defendant. It does not mandate that two attorneys be appointed. The constitution sets forth no such requirement for the appointment of attorneys for indigents. Bell v. Watkins, 692 F.2d 999, 1009 (5th Cir.1982).

IV.
Did the lower court err in declining to grant a directed verdict of not guilty for the appellant?
Appellant has cited no authority in support of this assignment, and the rule that an assignment will not be considered where no authority is cited could be applied. Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963); Ramseur v. State, supra.
However, we are of the opinion that there is no merit in the assignment. Mississippi Code Annotated Section 97-3-79 (Supp. 1983) provides that "Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery... ." The indictment charged appellant with the attempt to commit the crime of robbery on five individuals in the congregation by five counts.
Appellant was addressing everyone in the church when he demanded that personal valuables be brought down the aisle and placed in front of him, and he was waving and pointing the shotgun all around the church sanctorium. The individual victims named in the indictment had started to comply or intended to comply with the demand for their valuables. The charge was properly stated and supported by the evidence.

V.
Did the lower court err in granting State's Instruction No. 9 over objection of appellant?
The Instruction S-9 follows:
If a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts. Therefore, if you find from the evidence in this case beyond a reasonable doubt that the defendant, William Thomas, Smith, was capable of distinguishing between right and wrong at the time of the alleged offense and that he voluntarily deprived himself of the ability to distinguish between right and wrong by becoming intoxicated, and while in that condition committed the offense of Armed Robbery, then he is criminally responsible for that act, and in such event you should find the defendant guilty as charged.
McDaniel v. State, 356 So.2d 1151 (Miss. 1978), clarified the law with reference to criminal responsibility of an accused who *231 voluntarily intoxicated himself and committed a crime, then claimed that he lacked specific intent to commit the crime because of his intoxication. The Court said:
A majority of the justices participating in this decision having concurred in the views expressed herein, we hereby adopt the following rule: If a defendant, when sober, is capable of distinguishing right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts.
This is a proper case in which to adopt the foregoing rule because McDaniel's sole defense was that he was so intoxicated that he was not able to distinguish between right and wrong; therefore, all cases listed in the appendix authorizing submission to a jury the question of voluntary intoxication as a defense in specific intent offenses are hereby overruled insofar as they conflict with the rule announced herein. 356 So.2d at 1161.[1]
In Lee v. State, 403 So.2d 132 (Miss. 1981), the question presented itself again, and Justice Hawkins wrote for the Court:
The McDaniel rule presents "submission to a jury the question of voluntary intoxication as a defense in specific intent offenses." 356 So.2d at 1161. An amplified restatement of the rule is: a defendant, capable of distinguishing between right and wrong when sober, is not entitled to an instruction submitting to the jury his inability to form the specific intent to commit an offense because of his voluntary intoxication at the time the offense was committed. The rule was followed in Harris [v. State, 386 So.2d 393 (Miss. 1980)] supra.

* * * * * *
We hasten to add that voluntary intoxication is not a substitute for intent. Trial courts must remember that the purpose of the McDaniel rule is to remove voluntary intoxication as a defense, not to provide an affirmative instruction for the state which might mislead a jury into thinking that it is not necessary to prove intent, when intent is a requisite ingredient of the offense. 403 So.2d at 134.
The McDaniel court did not limit the question of voluntary intoxication to instructions either for the State or the accused. The rule is simply and clearly stated therein and means that, if a person, when sober, is capable of distinguishing right and wrong and voluntarily intoxicates or drugs himself to the extent that he does not know or understand his actions, e.g., steals, robs, or murders, he is responsible and he may be convicted and sentenced for the crime.
In order that there may be no misunderstanding among the bench and the bar, we reaffirm McDaniel v. State, supra.

VI.  VII.
Did the court err in refusing Defendant's Instruction D-9?
Did the court err in refusing appellant's Instruction D-10?
The instructions deal with prescription medication at the time of the robbery (Librium). The record does not indicate that any physician prescribed amounts of alcohol for appellant. Instruction D-4 which was granted, covers the question of specific intent.
Instruction D-10 relates to voluntary intoxication as a defense and is controlled by McDaniel v. State, supra. The amount of alcohol consumed is really of no consequence.

VIII.
Did the lower court err in refusing to grant appellant's Instructions D-13, D-14 and D-15 which would permit the jury to find the defendant guilty of lesser offense?
*232 As stated before, the indictment simply charges five counts of armed robbery against five separate individuals and there is no lesser-included offense involved. The lower court correctly refused those instructions.

IX.
Did the lower court err in refusing to grant appellant's motion to set aside the verdict of the jury on the ground that one or more of the jurors were personally interested in the outcome of the case?
This assignment is the subject of the State's cross-appeal. A hearing was held January 7, 1983, on the motion to set aside the jury verdict on the ground that one or more of the jurors were personally interested in the outcome of the case. At the time the motion was filed, appellant had perfected his appeal to the Mississippi Supreme Court and the lower court was without jurisdiction to hear the motion. See Depreo v. State, 407 So.2d 102 (Miss. 1981).
Therefore, this assignment is without foundation and as to that question, the cross-appeal is sustained.

X.
Did the lower court err in failing to grant appellant's motion for a new trial?
All questions covered by the motion for a new trial have been decided hereinbefore and the motion was properly and correctly overruled.
AFFIRMED ON DIRECT APPEAL; CROSS-APPEAL SUSTAINED AS TO ASSIGNMENT IX.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] The Court attached an appendix to the opinion of Justice Sugg covering 23 cases from 1844 to 1974 which involved the question of voluntary intoxication as a defense in specific intent cases and which were overruled, if in conflict with the rule announced in McDaniel.