465 So.2d 993 (1985)
Daniel CUMMINGS, Jr.
v.
STATE of Mississippi.
No. 54264.
Supreme Court of Mississippi.
January 9, 1985.
Rehearing Denied April 10, 1985.
Thomas M. Flanagan, Jr., Odom & McCain, Greenwood, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
PATTERSON, Chief Justice, for the Court:
Daniel Cummings, Jr., was convicted of burglary and sentenced as an habitual criminal [Mississippi Code Annotated, § 99-19-83 (Supp. 1982)] to life imprisonment *994 by the Circuit Court of Leflore County.
From his conviction and sentence he appeals, assigning as error that the trial court (1) overruled appellant's demurrer to the indictment; (2) sentenced the appellant to life imprisonment without benefit of probation or parole; (3) refused to allow the jury to hear evidence proffered by him on the issue of intoxication to overcome the required intent to commit burglary and refused defendant's instructions D-5 and D-5A; (4) permitted the state to question Officer Barr in rebuttal relating to oral statements allegedly made by the defendant to the officer following arrest; (5) failed to grant a mistrial because the state failed to prove by extrinsic evidence the prior criminal convictions of the appellant; and (6) granted State's Instructions S-1 and S-2 to the effect the jury could find the defendant guilty if he acted alone or in concert with others.
At about 11:40 p.m. on the evening of May 4, 1982, a citizen stopped a policeman in the City of Greenwood and told him three people were burglarizing the Stone Street Package Store in that city. Upon investigation the officer found a broken window in the liquor store and someone inside the building. While awaiting assistance from other officers, the officer heard noises emanating from some adjacent shrubbery or bushes. The officer did not leave his position to investigate the noises but merely turned his light to the area while awaiting the arrival of "back up units."
A second patrol car arrived and the individual within the building was advised to stay on the floor where he could be observed pending the arrival of the store owner to unlock the building.
Upon entry of the police into the store they saw Cummings, the appellant, lying on the floor and observed that several shelves had been emptied of liquor. An investigation revealed that the plate glass window in the front of the store was broken above a metal screen and two bricks were found inside the building. Undoubtedly entry into the store was via the broken area as the testimony reveals the door was locked prior to the entry and remained locked until the owner was called to open the door for the officers' entry.
Further investigation disclosed a bag containing several bottles of liquor in the shrubbery several feet from the building. From the record it is apparent there were others involved in the burglary who were not apprehended, leaving only Cummings who was indicted and tried as stated.
Cummings first contends for reversal that the indictment does not charge him with having actually served a term of one year for each of his two prior felony convictions and that the indictment did not give him notice that he was being indicted as an habitual criminal. We first observe that the indictment is sufficient under Dalgo v. State, 435 So.2d 628 (Miss. 1983), on petition for rehearing. We there stated,
The indictment sets forth the substantive crime and the habitual criminal requirements in clear and unambiguous language. [See Appendix] The habitual criminal portion of the indictment charges Dalgo with four previous convictions; that he served at least one year of each conviction in the Mississippi State Penitentiary at Parchman, Mississippi; and that one such conviction, assault with intent to rape, involved a crime of violence. The indictment sets forth with certainty that the habitual criminal statute violated is Mississippi Code Annotated § 99-19-83 (Supp. 1981), which follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence *995 shall not be reduced or suspended nor shall such person be eligible for parole or probation. [Emphasis added]
435 So.2d at 629.
We are of the opinion the first assignment of error is without merit inasmuch as the indictment in the present case is nearly verbatim with that in Dalgo.
It is next urged there was error in sentencing the appellant as an habitual offender because the state's evidence did not establish beyond a reasonable doubt that Cummings had in fact served one year or more in the custody of the State Department of Corrections on the two prior felony convictions. We first observe that the defendant made no objection to the introduction of the certificates of the felonies from the Director of Records at Parchman. Moreover, the defense made no cross-examination of these state's witnesses and the trial court granted the appellant time to consider the evidence presented, thereby affording defendant ample opportunity to make argument or to produce any witnesses he might have had to contradict the testimony of the state. However, no such witnesses were produced nor was any argument made to the trial judge pointing out any mistakes in the court's ruling. We therefore think the contemporaneous objection rule applies and that this point cannot be raised for the first time on appeal. Tucker v. State, 403 So.2d 1271 (Miss. 1981), Tubbs v. State, 402 So.2d 830 (Miss. 1981). It follows that this assignment is without merit.
The primary argument for reversal is that appellant was refused instructions D-5 and D-5A. In this contention he frankly acknowledges the two instructions essentially follow the prior rule stated in Edwards v. State, 178 Miss. 696, 174 So. 57 (1937). Edwards and its kind hold that if a defendant was in such a state of intoxication due to the use of alcohol, drugs, or a combination of both, to the extent of being incapable of forming the necessary intent to commit the crime charged and incapable of knowing right from wrong that a jury must return a verdict of not guilty. Unfortunate to this argument and leaving it without merit is that Edwards, supra, and its kindred cases were explicitly overruled in McDaniel v. State, 356 So.2d 1151 (Miss. 1978). The author of this opinion joined Justice Stokes Robertson and Justice L.A. Smith in their dissents because it was my opinion that the cases overruled expressed better reasoning than the majority opinion overruling them. However, I must acknowledge the obvious, i.e., the dissenting justices did not prevail in McDaniel. Therefore, the majority opinion expressed through Presiding Justice Walker and Justice Sugg became the controlling case law of our state. It is presently well established as precedent for other cases. In Harris v. State, 386 So.2d 393 (Miss. 1980), it was held,
The trial court's refusal to give the appellant's proffered instruction on voluntary intoxication is supported by our holding in McDaniel v. State, 356 So.2d 1151 (Miss. 1978), wherein this Court said:
"If a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts."
356 So.2d at 1161.
386 So.2d at 396.
Again in Lee v. State, 403 So.2d 132 (Miss. 1981), the defendant requested an instruction very similar to those presently complained of. There the rule announced in McDaniel and Harris, supra, received favorable comment through amplification by Justice Hawkins who stated for the court,
The McDaniel rule prevents "submission to a jury the question of voluntary intoxication as a defense in specific intent offenses." 356 So.2d at 1161. An amplified restatement of the rule is: a defendant, capable of distinguishing between right and wrong when sober, is not entitled to an instruction submitting to the jury his inability to form the specific *996 intent to commit an offense because of his voluntary intoxication at the time the offense was committed. The rule was followed in Harris, supra.

In this case defendant was not entitled to the instruction in question, either as submitted by him, or as modified by the trial judge.
403 So.2d at 134.
More recently in Hall v. State, 427 So.2d 957 (Miss. 1983), in reliance upon McDaniel, Harris, and Lee, Justice Robertson rejected argument for a similar instruction as that now before us. We held,
Whatever the law may once have been in this state, it is well settled today that voluntary intoxication is not a legally cognizable defense available to persons charged with crimes requiring proof of specific intent. On the authority of McDaniel v. State, 356 So.2d 1151 (Miss. 1978); Harris v. State, 386 So.2d 393, 396 (Miss. 1980); and Lee v. State, 403 So.2d 132, 134 (Miss. 1981), we hold that the trial judge was correct in his refusal to give the requested instruction.
427 So.2d at 961-62.
We are of the opinion the trial court did not err in refusing the defendant's instructions D-5 and D-5A.
The appellant contends however that these two refused instructions when considered in conjunction with S-3 inured to his great prejudice and necessitates a reversal. Instruction S-3 for the state does no more than set forth for the jury's guidance the rule pronounced in McDaniel, thereby leaving this contention without merit.
Cummings next argues the trial court erred in allowing, over objection, the re-questioning of arresting Officer Barr in rebuttal. The testimony elicited related to oral statements allegedly made by Cummings to Officer Barr at the police station following arrest. After the State had presented its case-in-chief, Cummings testified in his own behalf that the last thing he remembered about the night of the alleged burglary was riding in a car with two other people. To contradict Cummings' testimony and indicate his level of awareness at the time, the State recalled Officer Barr. Contemperaneous objection to this testimony was made by Cummings' attorney on the grounds that it lacked proper foundation; was improper rebuttal; was not used for impeachment; and violated Rules of Discovery. The trial court did not rule on the objection. In Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963), there was no ground for reversal in a similar instance. This Court stated, "... If a party permits the court to proceed to judgment without an order of the court upon his motion or objection, he will be held to have waived the right to have same acted upon ..." 248 Miss. at 287, 159 So.2d at 168. Therefore, this assignment of error is without merit.
The next question on appeal is whether a mistrial should have been granted Cummings after the State questioned Alice Wilson, called in surrebuttal by Cummings to rebut Officer Barr's testimony, about her prior criminal convictions. It is asserted the State failed to prove by extrinsic evidence the prior convictions of Alice Wilson which were attempted to be introduced to impeach her. She either denied or claimed not to remember a number of the incidents referred to. Alice Wilson was questioned about twelve specific prior criminal convictions for impeachment purposes; the State recited dates and crimes. No objection to the method of impeachment was made; Cummings' attorney questioned the witness and then rested. After the close of all testimony he moved for mistrial on grounds under present scrutiny. Miss. Code Ann. § 13-1-13 (1972), is permissive in allowing witness impeachment and states,
Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence. A witness shall not be excused from answering any material and relevant question, unless the answer would *997 expose him to criminal prosecution or penalty.
We fail to find merit with such argument.
Under the last assignment of error Cummings insists that the State's Instructions S-1 and S-2 as given contained language which would allow the jury to find him guilty if they found he acted alone or in concert with others. No authority is given to support this contention. We find the facts more than sufficient to support such instructions. For these reasons this assignment of error is found to be without merit.
Having found no reversible error, we affirm Cummings' conviction and sentence.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., BOWLING, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
HAWKINS and DAN M. LEE, JJ., dissent.
HAWKINS, Justice, dissenting:
I respectfully dissent.
Under the facts of this case, if there had been no McDaniel rule, Cummings would have been entitled to submit to the jury whether or not he went into the liquor store with intent to steal, or whether he was simply drunk and wandered in there.
It is obvious that no rational jury would have ever paid the least bit of attention to his proposed defense. We have:
(1) A locked building;
(2) The only possible entry through a broken plate glass window several feet off the ground, yet no cuts or injuries of any kind to Cummings;
(3) Numerous unbroken bottles of liquor in sacks outside, as well as inside the building.
Although he would have been convicted in any event, his constitutional right to have the jury determine whether he entered the building with the intent in his head to steal would have remained unimpaired.
While Cummings may not have been done an injustice, the McDaniel decision dangerously undermines some basic principles of criminal law established over the centuries. This decision evinces a lack of confidence in our jury system. Furthermore, it not only prohibits a defendant from proving that his entry into a closed building was that of a meandering drunk, and nothing more, it mandates a conviction even though there has been no showing whatever by the state of any intent to steal or commit some crime when the building is entered.[1] This simply is not the law, or rather wasn't.
Now, a sober man who enters a strange building late at night is one thing. A jury in such a circumstance would be warranted in finding he had some intent to commit a crime therein by the mere fact he opened a closed door and entered a strange building. See: Nichols v. State, 207 Miss. 291, 42 So.2d 201 (1949).
But, surely, a person who was so drunk he has no earthly idea how he got into the building should be entitled to show it, and have the jury pass upon whether his entry into the building was with the intent to steal, or a drunk, who either himself wandered into, or could have been placed inside the building by others.
Under McDaniel this is irrelevant.
It has long been the law in this state that voluntary intoxication is no defense to the commission of a crime. This is not precisely the question, however, in a crime for which the Legislature has provided that whether or not the accused had a particular intent in his head when he took certain physical actions, is what determines whether he is guilty or innocent of the offense. In such a crime, the defendant's particular state of mind is a vital element in the *998 commission of the crime. Thus, in a burglary case the state is required to prove, in order to constitute the crime of burglary, that the accused, at the time he entered the building, had in his head an intent to commit some crime once he got inside.
In McDaniel a plurality of this Court took the occasion, when it was not necessary to decide the case, to make some new law. And, as most frequently occurs when the judiciary yields to the temptation to enact, as opposed to interpret law, the plurality made bad law. The opinion overruled 23 decisions of this Court, some of them superb and profound analyses of the law as it should be on this question. See: Berry v. State, 288 So.2d 457 (Miss. 1974); Ryals v. State, 305 So.2d 354 (Miss. 1974); Kendall v. State, 244 Miss. 618, 145 So.2d 924 (1962); Ladner v. State, 231 Miss. 445, 95 So.2d 468 (1957); Wixon v. State, 229 Miss. 430, 90 So.2d 859 (1956); McFarland v. State, 212 Miss. 802, 55 So.2d 457 (1951); and Bullock v. State, 195 Miss. 340, 15 So.2d 285 (1943).
In Lee v. State, 403 So.2d 132 (1981), writing for the Court (and partially quoted by the majority), I endeavored to pull in the horns of McDaniel a bit, p. 134. In Smith v. State, 445 So.2d 227 (Miss. 1984), the horns were extended to their original McDaniel length, and where the majority is content to let them remain.
McDaniel overruled some excellent case law. I would overrule McDaniel before it does the mischief inevitably to follow its retention.[2]
For another good analyses of this very question, see: Commonwealth v. Graves, 461 Pa. 118, 334 A.2d 661 (1975).
I am also of the view that the proof offered by the state that Cummings was a habitual offender fails to meet the burden of proof in criminal cases. He was indicted under Miss. Code Ann. § 99-19-83, and sentenced under Miss. Code Ann. § 99-18-81.
DAN M. LEE, J., joins this opinion.
NOTES
[1] The circuit judge under this rule quite properly excluded from submission to the jury any evidence pertaining to Cummings' intoxication.
[2] The remarkably good brief of Cummings' counsel states, pp. 13-14:

Furthermore, the effect of McDaniel is to deprive this individual of his right to have every distinct element of the crime proved to a jury beyond a reasonable doubt before he can be convicted. Stating that voluntary intoxication cannot constitute a defense even when it is such as to render the defendant incapable of formulating intent, is the equivalent of stating that the State of Mississippi is not required to prove intent beyond a reasonable doubt when there was no intent to commit a crime as a result of voluntary intoxication. Such flies directly in the face of a statute which states that a person who breaks and enters a building must do so with the intent to commit a crime therein. It would seem that McDaniel, has in effect by its ruling, abrogated an essential statutory element of the crime of burglary, and such action has infringed upon the legislative prerogative of designating what is and what is not a crime in the State of Mississippi.
In the trial of this case the circuit judge would not permit Cummings to introduce as a part of his defense in chief the testimony of numerous witnesses as to how drunk he was in the hours preceding the burglary. Of course, under the peculiar logic of McDaniel, the circuit judge was precisely correct in this ruling.
Another rationale for its decision in McDaniel was the plurality's observation that the circuit judge has the discretion to take the matter of voluntary intoxication into consideration as a mitigating circumstance in his sentencing. 356 So.2d 1151, p. 1161. Well, under both Miss. Code Ann. §§ 99-19-81 and 99-19-83, the circuit judge has no discretion in sentencing. The majority ignores this problem in this case, also.