John H. Myers appeals his conviction of murder and sentence to life imprisonment. A jury in the Circuit Court of Rankin County found Myers guilty of murdering his ex-wife, Jewel Myers, in her home in Florence on December 15, 1985. He has appealed, assigning three errors. Finding none to have merit, we affirm.
 FACTS
Jewel Myers was shot and killed early on the evening of December 15, 1985. The shooting occurred at her house where appellant John Myers, Jewel's ex-husband, had come to visit many hours earlier. Her brother, Robert Davis, lived with her and was home at the time of the shooting. He heard several shots and emerged from his room to find John Myers holding what was later identified as the murder weapon. The pair struggled over the gun and Davis subdued Myers, gaining control of the gun. Davis called authorities, but Myers fled, taking Jewel Myers' car.
Flowood Police stopped Myers about an hour later in Jewel Myers' car, at which time officers saw him discard a bag. Officers retrieved the bag and found it to contain .32-calibre shells like those used to kill Jewel Myers.
A cab driver testified he transported Myers to Jewel Myers' house that day prior to the shooting. He and two neighbors testified that as the cab approached Mrs. Myers' house, Mr. Myers halted the cab momentarily, reached out to test-fire a pistol, and then the cab proceeded on in the direction of Mrs. Myers' house.
A blood test, registered about three hours after the shooting, showed Myers' blood/alcohol level to be .25%. It was estimated that if Myers had not drunk anything between the shooting and the test, his blood/alcohol level would have been .287% at the time of the shooting; however, there was no testimony that he had been drinking at Mrs. Myers' house.
 I. The Lower Court Erred in Failing to Grant a JNOV on the Charge of Murder.
 II. The Lower Court Erred in Failing to Grant a New Trial Because the Verdict was Contrary to the Substantial Weight of the Evidence.
Under both assigned errors, Myers argues that his intoxication negated any malice aforethought, and thus entitles him either to a judgment n.o.v. or to a new trial. Voluntary intoxication is not a defense, however. Lee v. State, 403 So.2d 132, 134 (Miss. 1981). Thus, these assigned errors are without merit.
 III. Did the Trial Court Err in Failing to Grant a Mistrial When a Juror *Page 762 
Questioned a Witness in Open Court?
Jewel Myers died from a wound to the left temple. She had other, non-fatal wounds, however, one of which was so superficial that the bullet did not lodge in the body. Investigators found a bullet underneath the body which led to the following exchange during examination of Rankin County Sheriff's Department Investigator Cecil McCrory:
 Q. Continue on and explain the rest of the exhibits to the jury.
 A. Exhibit 13 is a projectile that was found under the body of Jewel Myers on the floor. Exhibit 14 is a fingerprint card from the brother, Robert Davis, for elimination of any prints found on the evidence. Exhibit 15 was a blood alcohol sample that I ordered drawn at the hospital on the night of the shooting.
 Q. From where?
 A. From John Myers.
 Q. Let me see the list just a second.
 BY A JUROR: Sir, what was found under the body?
 A. This projectile. It's a piece of lead. It is the lead part of the cartridge. [emphasis added]
Without doubt, this type of questioning of witnesses by jurors presents great potential for prejudice.[1]
We note some courts allow juror interrogation in the trial court's discretion. See, e.g., Carter v. State, 250 Ind. 13,234 N.E.2d 650 (1968); Sparks v. Daniels, 343 S.W.2d 661 (Mo. Ct. App. 1961); Krause v. State, 75 Okla. Cr. 381, 132 P.2d 179
(1942); State v. Howard, 320 N.C. 718, 360 S.E.2d 790 (1987). We are of the view, however, that this is a practice that should be discouraged. In the event a juror does blurt out a question, the trial judge should step in without waiting for an objection and seek to prevent any prejudice befalling the defendant. Where, as here, that opportunity passed by, we must review whether the juror's conduct so prejudiced the defendant that a new trial is warranted. See State v. Barrett, 297 S.E.2d at 795.
Here there is no prejudice. There was ample evidence Myers fired the fatal shot. The juror did not seek improper or additional information, but merely wanted an answer repeated. This is not reversible error.
For the foregoing reasons we find no error in the record as submitted from the Circuit Court of Rankin County, Mississippi, and this case is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
[1] For a good discussion of the inherent problems, see Statev. Barrett, 278 S.C. 414, 297 S.E.2d 794 (1982), cert. denied,460 U.S. 1045, 103 S.Ct. 1445, 75 L.Ed.2d 800 (1983).