With deference, I think that the majority opinion has missed the mark in reversing and remanding the capital murder conviction and death sentence of Mease and, therefore, I dissent from that opinion.
Mease was convicted under Mississippi Code Annotated §97-3-19(2)(a) (Supp. 1986) which is different from any other capital murder. It provides in part:
 97-3-19(2)(a). The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
 a. Murder which is perpetrated by killing a peace officer or fireman while such officer or fireman is acting in his official capacity or by reason of an act performed in his official capacity, and with knowledge that the victim was a peace officer or fireman. For purpose of this paragraph, the term "peace officer" means sheriffs of counties and their deputies, constables, marshals and policemen of cities and towns, . . .
It is uncontradicted that Mease killed Sheriff Osborne Bell; that the slaying was without authority of law; and that it was committed by Mease holding a small cocked revolver against the neck of Sheriff Bell; that Mease fired the weapon propelling the .22-caliber bullet through the upper area of his left neck and through his right ear. It is further uncontradicted that Sheriff Bell was acting in his official capacity and, at the time of the fatal shot, he had arrested Mease and was attempting to place Mease in the sheriff's patrol car. Mease knew that Bell was an officer conducting the arrest, i.e., the sheriff. Concededly, Mease was under the influence of drugs and probably alcohol. As stated in the majority opinion, Footnote 5, that condition provides no defense. Cummings v. State, 465 So.2d 993, 995-96 (Miss. 1985); McDaniel v. State, 356 So.2d 1151, 1161 (Miss. 1978).
In my opinion, the record contains no evidence which would justify or support a manslaughter instruction. Mease and his companion Lush observed Sheriff Bell and the deputy sheriff conduct a search of the Lush automobile and the area around it and saw them find items of evidence indicating their illegal activities. Mease concealed a tiny .22-caliber revolver, 3 1/2" long, either in the palm of his hand or on the inside of his wrist. Sheriff Bell arrested him, took hold of Mease's arm, and was attempting to put him in the patrol car, when Mease resisted the arrest, scuffled with the sheriff in an apparent attempt to *Page 1337 
get loose, cocked the revolver, and placed it against the sheriff's neck. In that situation, the deputy sheriff interceded and attempted to separate Mease from the sheriff, not seeing the small revolver. The deputy struck Mease on the head with the butt of the deputy's .357-caliber service revolver and Mease fired the bullet into the sheriff's neck. Mease then turned upon the deputy, obviously with the intent to shoot him, at which time the deputy fired twice, inflicting a flesh wound upon Mease.
The testimony of the three medical experts as to possible reflexive action by Mease does not support a manslaughter instruction. The scintilla that the majority opinion relies upon is that there could be a "possibility" that when the deputy struck Mease with the .357 Magnum revolver, Mease could have discharged his revolver by reflexive action. On the other hand, they indicated that the probability was that reflexive action did not cause the gun to fire.
The small .22-caliber revolver Mease used to kill the sheriff was introduced as an exhibit. It is a five-shot, single action, revolver; it has to be cocked manually before firing; and the trigger must be pressed tightly backward in order to trip the hammer, thereby causing it to fall and plunge the firing pin into the cartridge casing. All of those steps required positive action by Mease before the projectile was exploded into the sheriff's neck.
The well settled law in this state is that jury instructions are not given unless there is an evidentiary basis for such in the record. Gray v. State, 472 So.2d 409, 417 (Miss. 1985);Colburn v. State, 431 So.2d 1111, 1114 (Miss. 1983); Fairchildv. State, 459 So.2d 793 (Miss. 1984). Under the facts and the law, I am of the opinion that the lower court correctly refused the requested manslaughter instructions and that the judgment and sentence of the lower court should be affirmed.
ANDERSON, J., joins in this opinion.
PITTMAN, J., not participating.