PIERCE, Justice,
concurring in part and dissenting in part:
1124. I respectfully dissent on Issue two, in which the Majority holds that the State failed to prove Grayer’s habitual-offender status with competent evidence. I would find that the trial court did not commit plain error. It is clear from the record that the trial court and the parties were furnished all evidence of habitual-offender status and reviewed it and referenced it. While such evidence was not entered into the record, the judge acknowledged its existence and considered what the evidence contained, and he stated that he did not need to see the evidence introduced. Further, Grayer’s counsel did not object to the evidence not being entered into the record. While there may have been a procedural error with regard to the habitual-offender evidence not being marked as an exhibit, this was not an error of substance. And when an accused fails to object to the habitual-offender issue during the sentencing phase, he or she is procedurally barred from raising the issue for the first time on appeal. Cummings v. State, 465 So.2d 993, 995 (Miss.1985). Because Grayer’s counsel did not object, he cannot object to this on appeal unless a “substantive or fundamental right [was] affected.” Parker v. State, 30 So.3d 1222, 1227 (Miss.2010). This Court has further held that in order to determine if plain *971 error has occurred, this Court must determine “if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether the error has prejudiced the outcome of the trial.” Cox v. State, 793 So.2d 591, 597 (Miss.2001). Here, Grayer was not prejudiced, because the trial court already knew of the evidence of habitual-offender status; the decision not to enter such evidence into the record was not prejudicial to Grayer. Thus, failure to mark the evidence as an exhibit, when the judge already had considered the evidence for sentencing, was not a deviation from any legal rule, absent objection. Therefore, I respectfully dissent.
RANDOLPH, P.J., AND COLEMAN, J., JOIN THIS OPINION.