ROBERTS, J.,
for the Court:
¶ 1. On August 28, 2008, Robert Lewis pled guilty in the Lowndes County Circuit Court to one count of capital murder. Lewis was sentenced, as a habitual offender, to life without the possibility of parole, in the custody of the Mississippi Department of Corrections. Lewis filed a motion for post-conviction relief (PCR) on November 30, 2011. The circuit court summarily dismissed Lewis’s PCR motion, and it is from this dismissal that Lewis now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 14, 2006, a Lowndes County grand jury indicted Lewis on one count of capital murder for the murder of T.C. Turner during the course of a robbery. Later, the State sought to amend Lewis’s indictment to reflect his habitual-offender status pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), and the circuit court subsequently granted the State’s motion.
¶ 3. Then, on August 28, 2008, a jury was impaneled to begin Lewis’s trial for capital murder; however, Lewis, represented by three experienced attorneys, decided to enter a guilty plea to the charge of capital murder with a sentence of life without the possibility of parole. In his *1227 guilty-plea petition, Lewis agreed that he had been convicted of two prior felony grand-larceny charges; however, the petition also stated that Lewis was not charged as a habitual offender. The circuit court reviewed Lewis’s guilty-plea petition, and it decided that Lewis should be sentenced as a habitual offender based on his prior felony convictions. The circuit court then asked Lewis whether he still wished to plead guilty to capital murder with the sentence of life without the possibility of parole as a habitual offender. Lewis responded that he wished to plead guilty. The circuit court accepted Lewis’s guilty plea as freely and voluntarily entered.
¶ 4. During the sentencing phase of the guilty-plea hearing, the State presented proof of Lewis’s prior convictions. The circuit court then sentenced Lewis to serve life without the possibility of parole as a habitual offender pursuant to section 99-19-81. Lewis’s sentencing order was entered on the same day as his guilty plea was accepted. His sentencing order states that Lewis entered a guilty plea to the charge of capital murder as a section 99-19-81 habitual offender, and he was sentenced to serve life without the possibility of parole.
¶ 5. Lewis filed his PCR motion with the circuit court on December 9, 2011. In it, he claimed that he was denied his right to due process by the circuit judge’s failure to recuse himself from the case. He also claimed that the circuit judge breached the plea agreement, which was also a violation of his due-process rights. The circuit court summarily dismissed Lewis’s PCR motion, finding it was barred from review because it was a subsequent writ. It is from this summary dismissal that Lewis now appeals. On appeal, he raises one issue: “Whether [the circuit court] ... breached the plea agreement!,] which implicates a violation of Lewis’s due process of law.”
ANALYSIS
¶ 6. The circuit court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2012). This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.” Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009).
¶ 7. First, we find that Lewis’s PCR motion is subsequent-writ barred and time-barred. According to the circuit court’s order summarily dismissing Lewis’s PCR motion, Lewis had filed a previous PCR motion that the circuit court ruled upon on September 8, 2011. Additionally, Lewis had three years from the date of his guilty plea and sentencing to file a PCR motion. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) states: “A motion for relief under this article shall be made[,] ... in [the] case of a guilty plea, within three (3) years after entry of the judgment of conviction.”[1] Lewis entered his guilty plea on August 28, 2008, and he did not file the current PCR motion until December 9, 2011. Lewis had until August 28, 2011, to timely file a PCR motion. He did not do so. Therefore, Lewis’s current PCR motion is procedurally barred from our review.
*1228 ¶ 8. Procedural bar notwithstanding, Lewis claims that the circuit court breached the plea agreement he had reached with the State that he would not be sentenced to life imprisonment as a habitual offender. It is true that the State recommended Lewis not be sentenced as a habitual offender; however, the circuit court is not bound by the terms of the plea agreement, as was explained to Lewis in the plea petition he signed, and then again explained by the circuit court at the guilty-plea hearing. The plea petition signed by Lewis stated that “the sentence is up to the [circuit c]ourt; that the [circuit c]ourt is not required to carry out any understanding made by me and my attorney with the [district [attorney; and further, that the [circuit e]ourt is not required to follow the recommendation of the [district [a]ttorney[,] if any.” Importantly, during his guilty-plea hearing, the circuit court also informed Lewis that his sentence would be “life in prison without the possibility of parole as [a] habitual offender.” Lewis proceeded to enter a guilty plea even after the circuit court’s statement. Neither Lewis nor his attorneys objected to him being sentenced as a habitual offender. “When an accused fails to object to the habitual offender issue during the sentencing phase, he is procedurally barred [from doing] so the first time on appeal.” Heidelberg v. State, 45 So.3d 730, 732 (¶ 5) (Miss.Ct.App.2010) (quoting Sims v. State, 775 So.2d 1291, 1294 (¶ 16) (Miss.Ct.App.2000)).
¶ 9. Lastly, we note that Lewis was sentenced as a habitual offender pursuant to section 99-19-81. Section 99-19-81 requires the habitual offender to be sentenced to the maximum sentence for the offense charged and precludes eligibility for parole or probation. The maximum sentence for capital murder is the death penalty; however, the death penalty must be imposed by a jury. As a result, the maximum sentence the circuit court could impose on Lewis was life imprisonment without the possibility of parole, as a habitual offender. This sentence is the same as the sentence of life without the possibility of parole for capital murder, the sentence Lewis claims he wants.
¶ 10. For the above reasons, Lewis’s appeal is without merit.
¶11. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Mississippi Code Annotated section 99-39-5(2)(b) that states: "Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.”